Marshall, C. J.
 

 These causes come to this court on error from the Court of Appeals of Lucas county. A motion to consolidate the two causes in this court has been allowed on the ground that they involve virtually the same facts and propositions of law. They originated in the common pleas court of Lucas
 
 *259
 
 county, Ohio, as suits praying injunction to restrain the city of Toledo from further proceeding in or executing judgment in appropriation proceedings in the probate court of said county, and to restrain the city of Toledo from taking possession of the property sought to be appropriated. Cause No. 21596 was heard in the court of common pleas on evidence, and decided in favor of the defendants, and the petition and the amendments thereto were dismissed and the cause appealed to the Court of Appeals. On appeal it was heard
 
 de novo
 
 in the Court of Appeals, there being no agreed statement of facts, and the court did not separately state the facts and the conclusions of law thereon. There was a general finding in favor of the defendants.
 

 As grounds of injunction it was alleged that in the appropriation proceedings the city of Toledo had proceeded to appropriate property of Mrs. Emery for the purpose of separation of grades at the crossing of Central avenue in said city and the tracks of certain railroads; that in said proceedings the city was seeking to appropriate more property than was necessary for said purpose; that the city did not intend to use all of said property for said purposes ; and that said appropriation proceedings were therefore not brought in good faith in order to obtain property for a public use, but that, in part, said city intended to appropriate said property and to secure the title thereto in order that the same might be sold or conveyed in whole or in part to said railroad companies or to other persons. In an amendment to the petition in the Court of Appeals, it was further alleged that the city had not enacted proper and sufficient ordinances and resolutions to
 
 *260
 
 comply with the statutes in such cases made and provided as a preliminary to the prosecution of said appropriation proceedings. All of said allegations were denied by the city of Toledo. By way of answer to the amendment, the city of Toledo pleaded that Mrs. Emery had filed an answer in the appropriation proceedings, and had submitted to the jurisdiction of the probate court and to the trial of the cause without questioning the sufficiency of the preliminary ordinances and resolutions, and that she was therefore estopped from claiming that the resolutions and ordinances were insufficient.
 

 The record discloses that on August 6, 1928, the Toledo city council adopted a resolution declaring the necessity to make said improvement, and that it was necessary to appropriate the property of Mrs. Emery, being lots 75 and 76 of Nessle
 
 &
 
 Pratt’s subdivision in said city. On October 15, 1928, the city council passed an ordinance, which was enacted as an emergency ordinance, authorizing the city through its proper officers to begin appropriation proceedings to determine the value of the property sought to be appropriated. In both of said resolutions it appears that the property is sought for the purposes of said improvement, and no other purpose is declared.
 

 jYhen the appropriation proceedings came on to be heard in the probate court, Mrs. Emery filed an answer alleging that more property was being appropriated than the city intended to use or could use in the proposed improvement, and a motion to strike out that portion of the answer was promptly sustained by the probate court. The cause proceeded, the damages were assessed by the jury, and
 
 *261
 
 a verdict was rendered in the snm of $39,000. Thereupon the injunction suit was brought, which has later developed into cause No. 21596. The entry of judgment dismissing the petition and the amendments thereto in the Court of Appeals was a general judgment of dismissal, and was therefore a finding in favor of the city of Toledo upon all the issues joined in that case, viz.: First, whether in fact the appropriation proceeding seeking to appropriate all of lots 75 and 76 belonging to Mrs. Emery was in good faith; second, whether the city council in adopting its resolution and ordinance complied with the provisions of Sections 8863, 8864, 8865, 8866, and 8867, General Code; third, whether by her participation in the appropriation proceedings in the probate court without questioning the validity of the legislation of the city council, and by her submission to the determination of the jury the amount of the damages suffered by her property being taken, she is estopped from questioning the validity of that legislation after verdict rendered. The third issue was an estoppel
 
 in pais,
 
 and all said issues therefore determined questions of fact. They were determined against Mrs. Emery, and no motion for new trial was filed. Ordinarily this court does not weigh the evidence to determine whether the conclusions of fact reached by the lower courts were correct. But there is a stronger reason in this case why this court may not properly do so. Facts may not be brought into review in an error proceeding where the facts were in dispute and the evidence in conflict, where no motion for new trial has been filed and determined. Our attention is called to the case of
 
 In re Estate of Hinton,
 
 64 Ohio St., 485, 60 N. E., 621, in
 
 *262
 
 which case it was held that motion for new trial was not necessary because the facts were conceded. In that case there was an agreed statement of facts, while in the instant case the facts were placed in issue by the pleadings, evidence was adduced, and general findings made in favor of the city of Toledo. The status of the case in this court is therefore that it has been found by the Court of Appeals that there was no bad faith, that the legislation of the city council was sufficient, and that Mrs. Emery is estopped by her conduct from asserting the insufficiency of the legislation. We do not deem it necessary to discuss the first and second issues, but it will not be amiss to refer to the authorities on the question of the estoppel.
 

 It has been consistently held by this court and the courts of other states that a party who voluntarily participates in judicial proceedings, which are adjudged adversely to him, will be held to have elected to abide by the judgment rendered, or, in other words, will be required to make timely objection. The only exceptions to this rule of estoppel are where no cause of action is stated or the court has not jurisdiction over the subject-matter of the action. Whatever importance might have attached to the alleged insufficiency of the municipal legislation, and whether or not those matters will affect the prosecution of the improvement, Mrs. Emery may not avail herself of them after speculating upon the results of the jury trial. If the verdict had been sufficiently large to satisfy her, it is fair to state that this alleged defect would not have been pleaded. It is a matter of which she had knowledge, or reasonable means of obtaining knowledge (being a matter of
 
 *263
 
 record), before the evidence of values was submitted to the jury. If one were permitted to take such an inconsistent position, parties would invariably first take chances with court or jury, and afterwards urge defenses previously known to them, thereby securing a second, or possibly numerous, trials, depending upon the number of objections available; Municipalities are permitted to appropriate private property to municipal uses by reason of authority conferred upon them by legislation. That authority depends upon the statutes pertinent thereto, and is limited thereby. When statutes prescribe the mode of procedure and the steps to be taken, the statutes must be followed with reasonable strictness. It does not follow that any alleged failure in this respect can be made ground of objection and urged in bar to appropriation proceedings after such proceedings have gone to verdict and judgment. We do not hold that those objections could not have been made in the appropriation suit before voluntarily submitting to the jurisdiction of the court and to the determination of a jury on the subject of values. That the objection could not be made after verdict and judgment is in harmony with the following cases:
 
 In re Cooper, Mayor,
 
 93 N. Y., 507;
 
 Mayor, etc., of City of New York,
 
 v.
 
 Manhattan Ry. Co.,
 
 143 N. Y., 1, 26, 37 N. E., 494;
 
 People, ex rel. McLaughlin,
 
 v.
 
 Board of Police Commrs. of City of Yonkers,
 
 174 N. Y., 450, 456, 87 N. E., 78, 95 Am. St. Rep., 596;
 
 Pabst Brewing Co.
 
 v.
 
 City of Milwaukee, 126
 
 Wis., 110, 105 N. W., 563;
 
 Board of Education of Glynn County
 
 v.
 
 Day,
 
 128 Ga., 156, 57 S. E., 359. The Court of Appeals did not err on the question of estoppel.
 

 On the question of the right of Mrs. Emery to
 
 *264
 
 plead in the appropriation proceeding that the city desired to nse only 20 feet on the front of said lots, and that it was intended to sell the remaining 106 feet thereof to the railroad companies, or other persons, and the ruling of the probate court in striking said matter from the answer, while such matters are not directly involved in this error proceeding, it is proper to state that they were legislative and political in nature and not the subject-matter of judicial inquiry. This court, in
 
 Sargent
 
 v.
 
 City of Cincinnati,
 
 110 Ohio St., 444, 144 N. E., 132, followed
 
 P., C., C. & St. L. Ry. Co.
 
 v.
 
 City of Greenville,
 
 69 Ohio St., 487, 69 N. E., 976, in holding that in a proceeding to assess compensation for taking private property by a municipality for public use the only issue to be tried is the value of the property, and, further, that the question of public need and the extent of that need is a political question, and not justiciable. This doctrine is universal. It has been so declared in
 
 Shoemaker
 
 v.
 
 United States,
 
 147 U. S., 282, 298, 13 S. Ct., 361, 37 L. Ed., 170, and
 
 Sears, Trustee,
 
 v.
 
 City of Akron,
 
 246 U. S., 242, 38 S. Ct., 245, 62 L. Ed., 688. We therefore find no error in the judgment of the Court of Appeals in No. 21596.
 

 Final judgment was rendered in the Court of Appeals in cause No. 21596 on February 25, 1929, and on March 26, 1929, another injunction suit was brought in the court of common pleas, which is now cause No. 21776 in this court. The petition in that case pleaded the same matters which had been pleaded in the former case, except that in the meantime the judgment had been entered in the appropriation proceedings in the probate court and appealed to the court of common pleas. The new suit was
 
 *265
 
 grounded upon the theory that the appeal vacated the judgments in the probate court, and that therefore the preliminary questions which were not urged before judgment in the probate court might properly be urged in the court of common pleas, where the question of values had not yet been submitted to the determination of a jury. The city of Toledo answered, setting forth the same defenses which had been pleaded in the former suit, and, in addition thereto, pleaded the former adjudication in bar. In the court of common pleas judgment was entered for the defendants and the petition was dismissed. On appeal to the Court of Appeals the case was tried
 
 de novo
 
 upon the pleadings and the evidence, and that court held that the appeal, while not vacating the judgment, was effective to suspend the judgment, and the Court of Appeals therefore enjoined the city from talcing possession of the real estate until the final conclusion of the appropriation proceedings in the court of common pleas. The Court of Appeals further ordered that the prayer of the petition for judgment restraining the city of Toledo from further prosecuting the appropriation case in the court of common pleas should be denied.
 

 A single question challenges our attention in the second case: Did the appeal to the court of common pleas vacate the judgment and permit Mrs. Emery to plead the insufficiency of the municipal legislation as a bar to the further proceeding in that court? That the appeal did not vacate the judgment, but only held the same in suspension, pending the further proceedings in the appellate court, is definitely settled in
 
 Jenney, Admr.,
 
 v.
 
 Walker,
 
 80 Ohio St., 100, 88 N. E., 123. It has already been observed
 
 *266
 
 that Mrs. Emery, in voluntarily submitting the question of value to the determination of a jury in the probate court, was by that fact estopped from claiming any advantages which might otherwise have accrued to her by reason of the alleged defective legislation. That principle would have no value if it were only made applicable to a hearing in the court of first instance. Indeed, it is more often made applicable in courts of review. The judgment of the Court of Appeals in cause No. 21776 must therefore be affirmed on the two grounds of estoppel and former adjudication.
 

 Nothing in this opinion contained is intended as an expression of the views of this court upon the character of the title which the city will have to any portion of the premises appropriated which are not actually used for the purposes for which they are taken, as set forth in the resolution of the city council, or at least for some public use having a definite relation thereto. While the action of the city through its council was legislative and political in character, and while Mrs. Emery might not make any defense in the appropriation proceedings, or raise any issue except that of the value of the property taken, she was clearly within her rights in resorting to equity to attack the good faith of the city and its alleged abuse of power. She failed to convince the court of common pleas and the Court of Appeals, which courts were the triers of the facts. While this court finds no error in the proceedings of the Court of Appeals, it is proper that this court should state that, while the city is entitled to appropriate the whole of the two lots of Mrs. Emery, it may be queried' whether the city can hold those lots
 
 *267
 
 for any purpose different from that for which they have been appropriated as shown by the legislation of the city council, and it may be further queried whether the city will acquire such title as will enable it to convey the property to other owners to be used for any purpose other than a public purpose. The right of the city to appropriate property for municipal use is confered by Section 3677, General Code, which provides:
 
 “
 
 Municipal corporations shall have special power to appropriate, enter upon and hold real estate within their corporate limits. Such power shall be exercised for the purposes, and in the manner provided in this chapter,” etc.
 

 This court has in numerous cases declared upon the tenure and the character of title acquired by appropriation proceedings. Among a large number of cases we call attention to the following:
 
 Giesy
 
 v.
 
 C., W. & Z. Rd. Co.,
 
 4 Ohio St., 308;
 
 Corwin
 
 v.
 
 Cowan,
 
 12 Ohio St., 629;
 
 Hatch
 
 v.
 
 C. & I. Rd. Co.,
 
 18 Ohio St., 92;
 
 McCombs
 
 v.
 
 Stewart,
 
 40 Ohio St., 647, 665. We also call attention to a decision rendered by the United States Circuit Court of Appeals of the Sixth Circuit, on May 6, 1902,
 
 Newton
 
 v.
 
 Manufacturers’ Ry. Co.,
 
 14 O. F. D., 156, 115 F., 781.
 

 The judgment of the Court of Appeals in both eases is affirmed.
 

 Judgments affirmed.
 

 Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.