**STATE, ex rel. WALTZ & PEMCO, INC., Relators, v. INDEPENDENCE (Village), Respondents.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22658. Decided September 8, 1952.

Henry H. Pleasant, Cleveland, for relators.
Harry C. Gahn, Cleveland, for respondents.

## OPINION

By SKEEL, PJ.:

This is an original action in mandamus. The relators by their petition seek an order directing the respondent, Frank W. Goudy, Inspector of Buildings of the Village of Independence, to issue a building permit to authorize the construction of an industrial building on land located at 5536 Brecksville Roard in said village.

The relators allege in their petition that Pemco, Inc., a corporation, entered into a contract to purchase the property described therein from relator, Harold A. Waltz, on June 24, 1952. The evidence, however, shows that the purchase agreement was signed on May 19, 1952 and the transaction was put into escrow with an escrow agent on June 24, 1952.

The relators set forth Section 22-A of the Building Code of the Village which in substance requires the issuing of a building permit to an owner or his agent before beginning the construction of a building upon property in the village and spells out the manner in which the application should be made. It is further alleged that on the fifth day of August, 1952, Pemco, Inc. made application for a permit to build an industrial building on the above-described property, that said application was in conformity with all the requirements of the building code and that the proper fee was presented with the application. It is also alleged that the character of the building to be built was in full accord with the zoning ordinance then in force and that there was no lawful reason why the building permit should be withheld. It is then alleged that the respondents refused to issue the permit. A writ of mandamus is prayed for directing the granting of relators' application.

The answer of the respondents sets forth that they are without knowledge as to the purchase of the property as alleged in the relators' petition and say that the escrow instructions provide that if the territory in which the property described in relators' petition is rezoned withdrawing it from use for industrial purposes, the "escrow agreement shall be null and void and each party restored to its original position" * * *. The respondents admit the substance of Section 22-A of the Building Code of the Village as pleaded by relators and admit that relators filed an application for a permit to erect a new structure on said property and that said application was

refused. The answer then contains a general denial. The respondents further state by way of defense that the building code of said village authorizes the building inspector to enforce its provisions; that Section 22-A provides that the owner of property or his agent must secure a building permit from the building inspector of the village before proceeding with the construction of a building; that Pemco, Inc. was not on August 6th, the owner or agent of the owner of said property which was in fact owned by the relator, Harold W. Waltz; that the building inspector refused the permit because Pemco, Inc. was not the owner or agent of the owner of said property and further because there is now pending before the council of said village an ordinance which was filed and introduced July 22, 1952, to rezone the territory of which the property described in relators' petition is a part as a U 2 district for the construction of two-family houses, thereby withdrawing such territory from the U 5 and 6 district. The answer of the respondents further alleges that the parcel of land on which the relators propose to build a factory is on the southwest corner of the territory which it is proposed to rezone and has never been developed as an industrial district and relators' request for a permit to build an industrial building thereon was not filed until the rezoning thereof "was in the offing." The other allegations of the answer are not material to the question here presented.

It was admitted upon the trial that the property here in question, under the ordinance of November 24, 1925 which was in effect at the time relators filed application for a building permit was in the U 5 and 6 district which is for commercial and industrial use as shown by respondents' zoning map attached to their answer, that by the ordinance introduced July 22, 1952, it is proposed to rezone a triangular tract of land on the east side of Brecksville Road running south from what is now known as the willow traffic circle about 2,600 feet along the east side of Brecksville Road, then proceeding east about 1,600 feet to the B & O Railroad right of way, then north along the B & O right of way about 3,000 feet to the traffic circle. The map shows that the property south of this triangle is zoned for U 2 use, that is, for two-family residences. The triangular parcel which it is proposed to rezone projects for its entire length into the U 5 and 6 district.

The Planning Commission of the Village to whom the ordinance was referred after being introduced, reported that if this territory was to be rezoned, it should be either for single residences or otherwise the zoning should not be changed. The basis of this report was on the cost to the village of servicing two-family houses.

The uncontradicted evidence was also to the effect that Pemco, Inc. made its application for a permit on August 6th; that it had entered into a purchase agreement for the property on May 19, 1952; that the transaction went into escrow on June 24th, both the deed and the purchase price being then deposited with the escrow agent and that the proposed rezoning ordinance was not filed until July 22, 1952 and that a public hearing will not be had thereon before the Village Council until September 23, 1952.

The claim of respondents that the purchase was conditioned upon the securing of a permit to build is not supported by any evidence. The relator, Harold A. Waltz, testified that when he learned of the refusal of the Village to issue a permit, he then directly appointed Pemco, Inc. his agent and ratified all that had been done previously as being done in his name in an attempt to secure such permit.

We must conclude from the admissions contained in the pleadings and the uncontradicted evidence that Pemco. Inc. had sufficient equitable interest in the property as owner by reason of its purchase agreement to authorize it to make application for a building permit under the provisions of the Building Code of the Village of Independence and also, that Pemco, Inc. was authorized by the seller, the holder of the legal title, to make application for such building permit as his agent and as such, Pemco, Inc. was one clearly authorized to apply for a building permit for construction of a building on the property here in question under the terms of the said building code.

Carson, et al v. Board of Appeals of Lexington, 321 Mass. 649.

We further conclude that under the law of this state, a municipal corporation may not refuse to issue a building permit for the construction of a building within a zoning district of the village when the character of the proposed building comes within the requirements of the zoning ordinance of the village in force on the date of the application for such district, because it is proposed by ordinance introducted just before the application for such building permit was filed to rezone the district in which the property is located under higher restrictions.

**State, ex rel. The Fairmount Center Co. v. Arnold, 138 Oh St 259.**

For the foregoing reasons, a writ of mandamus is ordered as prayed for. Exceptions. O. S. J.

HURD, J, THOMPSON, J, concur.