IN RE APPROPRIATION BY OHIO TURNPIKE COMMISSION:
McKARNS ET AL., APPELLANTS, *v.* OHIO TURNPIKE COMMISSION,
APPELLEE.
LEHMAN ET AL., APPELLANTS, *v.* OHIO TURNPIKE COMMISSION,
APPELLEE.
STACEY ET AL., APPELLANTS, *v.* OHIO TURNPIKE COMMISSION,
APPELLEE.

(Nos. 325, 326, 327 and 328—Decided November 9, 1953.)

*Messrs. Newcomer, Newcomer & Shaffer,* for appellants.
*Mr. Frank C. Dunbar, Jr., Mr. James L. Stegmeier, Mr. Ray O'Donnell* and *Mr. Lorin L. Hogue,* for appellee.

FESS, J. This opinion deals with four separate but related appeals in turnpike condemnation proceedings. No. 325 is taken by J. Russell McKarns and others from an order dismissing a demurrer, an answer and a cross-petition of such owners; No. 326 is taken by Edith B. Lehman and others from a similar order; No. 327 is taken by Millard C. Stacey and others from a similar order; and No. 328 is an appeal taken by Millard C. Stacey from an order overruling his motion seeking a vacation of an order assigning the cause for hearing on October 22, 1953, and for a stay of further proceedings pending determination of appeal No. 327. On October 20, 1953, this court found that the order from which such appeal was taken was not a final order and, on motion of appellee, dismissed such appeal. Although there is some variation in the several motions and pleadings filed in the cases from which appeals Nos. 325, 326 and 327 are taken, the questions to be determined in each appeal are substantially the same. Appeal No. 325 is, therefore, more extensively dealt with herein. In all these cases the Ohio Turnpike Commission has made application for the assessment of compensation for appropriation of property. The owners appeal on questions of law from orders striking from the files a demurrer, an answer and a cross-petition.

In this appeal, the owners have filed also a motion seeking an order restraining the commission from proceeding in the trial of the case below and for a writ prohibiting the trial judge from assigning the case for trial pending determination of the questions raised upon this appeal. This court has no original jurisdiction to grant injunctive relief, and the motion for injunction is, therefore, denied.

Although this court has original jurisdiction to issue writs of prohibition upon a petition therefor, we have discovered no authority for obtaining such a writ in an appeal on questions of law by a motion therefor incidental to the appeal, and such motion is overruled.

Appellee has moved to dismiss the appeal on the ground

that it is not taken from a final order. Appellee takes a somewhat inconsistent position in also filing, on October 20, 1953, a cross-appeal from orders entered on July 25, 1953, and August 12, 1953. The order of July 25 overruled a motion of the applicant to strike the answer and cross-petition from the files. The order of August 12 overrules applicant's motion to strike the answer and grants in part, and overrules in part, applicant's motion to strike the cross-petition. Appellee filed also cross-assignments of error relating to the foregoing orders. The owners moved to strike the cross-appeal on the ground that it was not taken within the time provided by law. Regardless of whether a cross-appeal may be taken under the Appellate Procedure Act, the notice thereof was not filed within the twenty-day period provided by law. The motion to dismiss the cross-appeal is, therefore, sustained.

With respect to the cross-assignments of error relating to the orders of July 24 and August 12, any error which might have been committed by the trial court has been cured by the order of the court, entered July 25, 1953, striking the pleadings from the files, from which order the owners appeal. Such cross-assignments of error are, therefore, not well taken.

The first question presented for determination by this court is whether the order striking the pleadings from the files is a judgment or final order within the meaning of the terms employed in Section 6, Article IV of the Ohio Constitution. In reaching a conclusion, we are required to determine whether, in a proceeding to assess compensation brought by the Ohio Turnpike Commission, the owner whose property is appropriated has the right to demur, answer or cross-petition for independent relief.

The answer in the instant case denies that the commission endeavored for a reasonable time to agree with the owners with respect to the amount of compensation and damages. The cross-petition, to which a number of interrogatories are appended, raises as issues the authority of the commission to appropriate, the necessity of the taking, the power to appropriate an easement, fault on the part of engineers in the plans of construction of the highway, the right to divert a watercourse and the legality of such diversion, the damming of the natural flow of water, and

whether the commission should be compelled to appropriate additional property or rights. The owners pray that the several questions presented be determined by the court prior to the determination of compensation and damages.

Under Section 5537.04, Revised Code (Section 1205, General Code), the commission is empowered to acquire in the name of the state, by purchase or by the exercise of the right of condemnation, lands, or rights therein, rights of way, property rights, easements and interests, as it may deem necessary for carrying out the provisions of the act.

Section 5537.06, Revised Code (Section 1208, General Code), specifically empowers the commission to acquire by appropriation any land, rights, rights of way, franchises, easements or other property necessary or proper for the construction or the efficient operation of any turnpike projects, and outlines the procedure to be followed.

The first step in the procedure outlined by Section 5537.06, Revised Code, is provided in subsection (A), that the commission shall endeavor to agree with the owner as to the compensation to be paid for the property. Subsection (B) provides that if the commisson is unable to agree with any owner within a time considered by the commission to be reasonable, it shall declare, by resolution, that fact and the necessity of appropriating the property and direct that proceedings to effect such appropriation shall be begun, prosecuted and conducted as therein set out. Subsection (C) provides that such proceedings shall be begun and prosecuted either in the Probate Court or in the Common Pleas Court by filing an application, to which the resolution shall be attached. Subsection (D) provides for notice to the owners and the manner of giving the same. Such subsection provides further that, when it appears that such notice has been given or waived, the court shall set the date for the assessment of compensation by the jury not earlier than five days after the return of notice, "and the jury shall proceed as in all civil cases." Subsections (E) to (O) relate to a view of the premises, appointment of guardians ad litem, assessment of compensation and damages, offer to confess judgment, writ of possession, etc. The last paragraph of subsection (O) is as follows:

"All proceedings brought under this section shall be governed by the law applicable in civil actions in the Court of Common Pleas except as otherwise provided in this section, shall be advanced as a matter of immediate publc interest and concern, and shall be heard in all courts at the earliest practicable moment."

It should be noted that the limitation, "except as otherwise provided in this section," refers to the advancement of the case for hearing and not to the preceding clause.

With respect to appropriation of private property by corporations under Chapter 2709 of the Revised Code, the proceeding is by petition (Secton 2709.06), and under Section 2709.10, preliminary questions are to be determined. But Chapter 2709 does not apply to proceedings by state, county, township, district or municipal corporation authorities. Section 2709.46.

In *State, ex rel Kauer, Dir.,* v. *Defenbacher, Dir.,* 153 Ohio St., 268, 91 N. E. (2d), 512, the Supreme Court held that the turnpike commission is a public organization created for a public purpose. Although the court did not decide whether the commission is a corporation or not, it was held that Section 4 of Article VIII of the Constitution, forbidding the granting of credit in aid of a corporation, did not prohibit the highway department from granting monetary aid to the turnpike commission. Since the commission is a public organization created by the state of Ohio for a public purpose, it is a state authority within the meaning of the term as used in Section 2709.46, and Chapter 2709 of the Revised Code, does not apply to its proceedings to appropriate property.

It is to be observed that the Turnpike Act makes no provision for pleadings directed to its application to appropriate property. The proceedings for appropriation of property and assessment of compensation are analogous to those provided for condemnation by a municipality. With respect to the appropriation of private property by a municipality, Section 719.08, Revised Code (Section 3683, General Code), provides that, after notice of the application, the court shall set a time for the assessment of compensation by a jury, and that the jury shall be drawn and the trial proceed as in other civil actions. In

*Neff* v. *City of Cincinnati*, 32 Ohio St., 215, it is stated in the opinion that no pleadings were filed by the parties nor was an issue of fact in any form submitted to the jury.

In sustaining the right of a railroad to seek an injunction against a municipality about to appropriate its property, the Supreme Court, by way of obiter dictum, said, in *P. C. C. & St. L. Ry. Co.* v. *City of Greenville*, 69 Ohio St., 487, 69 N. E., 976, that a proceeding to assess compensation is a special proceeding strictly regulated by statute and the owner has no right to file an answer and cross-petition, because no provision is made for the making or trial of an issue raised by such pleading. In *Cleveland & Pittsburgh Rd. Co.* v. *City of Martins Ferry*, 92 Ohio St., 157, 110 N. E., 642, in paragraph three of the syllabus, the court held that, upon proper pleading by the city tendering the issue as to whether the appropriation will not unnecessarily interfere with the use of the property, the court may, in the same proceeding, hear and determine all questions arising under Sections 3677 and 8899, General Code. In the opinion, at page 162, the court refers to the *Greenville case,* but apparently distinguishes it in saying:

"While the suit in which it may be determined whether a crossing shall be at the same or separate grade is in the nature of a special proceeding, regulated by statute, it is therein provided that the rights of the parties to plead shall be the same as in civil actions. There is, therefore, no reason apparent why all the questions arising under Sections 3677 and 8899, General Code, may not be heard and determined in the same proceeding, if brought in the Court of Common Pleas. However, it is incumbent upon the city to present such issue."

But Section 4957.30, Revised Code (Section 8898, General Code), specifically provides that in grade-separation cases the rights of defendants *to plead* shall be the same as in civil actions.

In *Martin* v. *City of Columbus*, 101 Ohio St., 1, 127 N. E., 411, the court held in the syllabus that an action brought by a municipality to condemn property is a proceeding in rem; that there are no formal pleadings or definite issues; and that the jury acts merely as an appraising or assessing board, determining the fair market value of the property taken.

In *Sargent* v. *City of Cincnnati,* 110 Ohio St., 444, 144 N. E., 132, the court approved the principle decided in the *Greenville case,* and held that the only issue to be tried in a municipal condemnation case is the value of the property, and that the owner's remedy is by an independent action for injunction.

In *Emery* v. *City of Toledo,* 121 Ohio St., 257, 167 N. E., 889, the court again held that the only issue in municipal appropriation proceedings relates to the value of the property, and that the determination by the municipality of the fact and public need and the use to which the property is to be subjected may not be questioned in the appropriation proceeding.

It will be observed that the Supreme Court has not deviated from the principle announced in 1877 by Judge Day in *Neff* v. *Cincinnati, supra.* Harsh as the principle may be, the owner is relegated to a suit in injunction to adjudicate questions such as are raised in the cross-petition herein.

Appellate cites *City of East Cleveland* v. *Nau,* 124 Ohio St., 433, 179 N. E., 187, but this case related to an independent suit for injunctive relief and does not deal with the right to obtain such relief in the appropriation proceeding itself. *Wheeling & Lake Erie Rd. Co.* v. *Toledo Ry. & Term. Co.,* 72 Ohio St., 368, 74 N. E., 209, 106 Am. St. Rep., 622, also cited by appellant, relates to appropriation by a private corporation, in which the court, in denying injunctive relief, held that the questions presented by the petition for injunction could be raised and determined upon the petition to appropriate the property, *in limine.*

It is, therefore, our conclusion that upon an applicaton by the Ohio Turnpike Commission for the assessment of compensation the owner is not entitled to formally answer or otherwise plead to such application. Having no right so to plead, the order striking the demurrer, the answer and the cross-petition from the files did not affect a substantial right in a special proceeding. The order from which the appeal is taken is, therefore, not a final order and the motion to dismiss the appeal is sustained.

In reaching this conclusion, we do not overlook the fact that it is incumbent upon the commission to prove at the trial for the assessment of compensation that it has complied with the provisions of subsection (A) of Section 5537.06, Re-

vised Code, requiring it to endeavor to agree with the owner as to the compensation. The commencement of the proceedings is contingent upon the commission making such effort. Whether the commission has complied with the statute is a preliminary question to be determined by the court, and a decision thereon adverse to the owner is not a final order, but is a matter which may be ultimately reviewed on an appeal taken on questions of law from the judgment entered on the verdict of the jury. *Dayton & Union Rd. Co.* v. *Dayton & Muncie Traction Co.*, 72 Ohio St., 429, 74 N. E., 195; *Ornstein* v. *Chesapeake & Ohio Ry. Co.*, 123 Ohio St., 260, 174 N. E., 772.

The several motions for injunction and writs of prohibition in appeals Nos. 325, 326 and 327 are denied and the several appeals are dismissed at appellants' costs. Appeal No. 328 has been heretofore dismissed at appellant's costs.

*Judgments accordingly.*

CONN and DEEDS, JJ., concur.