Hart, J.
The first claim of the respondents is that Sun’s right to a writ of mandamus for a building permit is not clear because Sun is not the owner of the property, as it holds only an option to purchase the same, whereas the Euclid building code authorizes the issuance of a building permit to only the owner of the premises.
It will be noted that the application for the permit, set out in the record herein, was made and signed by both the owner, Pearl H. Henle, and Sun. The relationship between the owner and Sun under this contract of sale and purchase was fully set out in the record and considered by the Court of Appeals as an issue in the Henle case. In that case the Court of Appeals, in its conclusions of law, found that “the zoning ordinance of the city of Euclid, as it now exists and as it existed at the time of such request is void, unconstitutional and of no effect in so far as it purports to restrict or prevent the use of the premises described in the petition either by plaintiff or her successors in title for the erection and operation thereon of a retail gasoline filling station,” and, in its opinion, said:
“It is also the right of plaintiff under the declaratory judgment act to prosecute this action. (Section 2721.03, Revised Code.) Nor is the fact that the application for a permit to build a filling station was filed by the Sun Oil Company instead of plaintiff, detrimental to plaintiff’s case. It is enough that an application was made for a permit to use this property for a filling station, by one having a contingent interest in using the property for that purpose, that the city council was petitioned for relief from the zoning classification, that the Board of Zoning Appeals did act on such application at the request of the city council, and that the consent of more than 80 per cent of the property owners within 200 feet of the property was obtained, each of the procedural steps having been taken at the direction of the officials of the city, so that if there were any defects in administrative procedure, it should not be permitted to prejudice plaintiff’s rights under the admitted circumstances of this case.”
*270 The contract of sale and purchase between Henle and Sun was a purchase on condition that the permit be granted and not a mere option to purchase, as claimed by the respondents, and this question of the right of Sun to make the application for the permit was determined by the finality of the order of the Court of Appeals in the Henle case. See, also, State, ex rel. Waltz & Pimco, Inc., v. Village of Independence, 69 Ohio Law Abs., 445, 125 N. E. (2d), 911 (a similar action with a similar finding by the same Court of Appeals); and Carson v. Board of Appeals of Lexington, 321 Mass., 619, 75 N. E. (2d), 116. Furthermore, it was stipulated in the instant case that the application for the permit was accompanied by duplicate plans and specifications for such construction, and that “such plans and specifications showed that the proposed retail filling station when constructed would conform to and comply with the building code requirements of the city of Euclid.”
The respondents present, as follows, their second question: “Can the respondents be coerced by peremptory writ of mandamus to issue a building permit for construction of a gasoline station on land appropriated to a public use prior to the application for a permit?”
The Constitution and statutes of Ohio grant to municipal corporations the power to establish streets and highways within their corporate limits and prescribe the procedure by which such power shall be exercised. The city of Euclid is a charter city, and its home-rule power, as granted in Sections 3 and 7 of Article XVIII of the Constitution, includes the power of eminent domain. However, its charter has no specific procedural provisions by which it may exercise that power. In the instant case, it undertook to appropriate the specific property in question by passing a resolution of intent, as authorized by Section 719.04, Revised Code.
The establishment of a street is a prerequisite to the maintenance of a proceeding to appropriate private property therefor. Again there is no specific procedure provided in the Charter of the City of Euclid for the establishment of streets or highways. This basic legislation is provided by Section 723.02, Revised Code, the pertinent part of which is as follows:
“The legislative authority of a municipal corporation may *271 open, * * * alter, divert * * * or widen any street * * * or public highway within the limits of the municipal corporation. The legislative authority shall provide for such improvement by ordinance, which shall briefly and in general terms describe * * * the property to be appropriated for such purpose. The proceeding for such appropriation shall be as provided by Sections 719.01 to 719.21 of the Revised Code.” (Italics supplied.)
No such ordinance establishing a highway to be known as Lakeland Freeway within the city of Euclid has been adopted by the city council. Stipulation No. 15 states in part that, except for exhibit I (resolution declaring it necessary to appropriate and use for highway purposes this specific tract of land) and exhibit la (ordinance determining to proceed with the appropriation of this specific tract of land), “no other resolutions or ordinances have been adopted by the city of Euclid concerning the appropriation or acquisition of the premises described in the petition. ’ ’
By Sections 717.04 and 5535.03, Revised Code, municipal corporations are granted power to establish and construct limited access highways or freeways. However, in each of those sections it is provided that such a highway may be established in the same manner in which a municipal corporation may lay out and establish a street or public highway.
This court on several occasions has held that, although municipalities are permitted to appropriate private property for public purposes, they must, in doing so, follow strictly the modes of procedure prescribed by statute. See Emery v. City of Toledo, 121 Ohio St., 257, 263, 167 N. E., 889; Parkside Cemetery Assn. v. Cleveland, Bedford & Geauga Lake Traction Co., 93 Ohio St., 161, 112 N. E., 596; Pontiac Improvement Co. v. Board of Commissioners of Cleveland Metropolitan Park District, 104 Ohio St., 447, 135 N. E., 635, 23 A. L. R., 866.
It is clear from the record not only that the city of Euclid has not established Lakeland Freeway through its corporate limits, but that the freeway is still in a visionary stage awaiting a co-operation agreement with the county, state or federal government or some of them to establish it; and that the so-called appropriation was only an abortive attempt to acquire title to this property for possible future highway purposes.. The mu *272 nieipality has no power or authority to appropriate lands for some contemplated future use. City of Cincinnati v. Vester, 281 U. S., 439, 448, 74 L. Ed., 950, 50 S. Ct., 360.
The Court of Appeals in the course of its opinion in the Eenle case said:
“The claim that the city has the right to ‘freeze’ plaintiff’s property, preventing her from its beneficial use until the city gets around to appropriating it for public purposes as a part of the Lakeland Freeway, is without foundation. If the city needs the property in that development, then an immediate proceeding in eminent domain would end this lawsuit. All that has been done so far toward building the Lakeland Freeway is tentative in character. The proceeding looking to the construction of the freeway has not reached a stage compelling the city to appropriate the property, nor is the plaintiff compelled to stand by, paying taxes without benefit, until the development reaches a stage, if it ever does, where her property must be taken for freeway purposes. Section 713.14, Revised Code.”
With this statement of the law we concur, and it is equally applicable to the facts and issues in this case.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Zimmerman, Stewart and Bell, JJ., concur.
Taft, J., concurs in paragraphs one and four of the syllabus and in the judgment.