VILLAGE OF LAGRANGE, APPELLEE, *v.* SMITH ET AL., APPELLANTS.*

(No. 1369—Decided September 10, 1956.)

*Mr. Robert J. Corts,* village solicitor, for the motion.
*Mr. Alfred Steuer,* contra.

HUNSICKER, J.  On April 24, 1956, there was filed with the clerk of the Common Pleas Court of Lorain County, Ohio, a journal entry awarding a judgment in an appropriation action brought by the village of LaGrange against the defendants Fred H. Smith and Dorothy A. Smith.

Thereafter, on June 11, 1956, the Smiths filed a motion to vacate the judgment so rendered.  The trial court denied the motion to vacate, and an appeal was then filed in this court from the order overruling this motion to vacate the judgment of April 24, 1956.

Counsel for the village of LaGrange then filed a motion to dismiss this appeal, on the ground that the overruling of a motion to vacate a judgment is not a final order, and, further, that a motion to vacate a judgment in an appropriation action is not proper and cannot be entertained by a trial court.

It has been held by courts in this state that the overruling of a motion to vacate a judgment is a final order from which an appeal does lie.  *Byrkett* v. *Curtis,* 94 Ohio App., 292, 115 N. E. (2d), 32; 2 Ohio Jurisprudence (2d), Appellate Review, Section 71, and authorities there cited.

---

*Motion to certify the record overruled, April 24, 1957.

Does this rule apply where the judgment is rendered in an appropriation matter?

A proceeding to appropriate property is an action in rem, and it is a special proceeding strictly regulated by statute. There is no provision in such statutes to file an answer or other pleading. The purpose of the action is to assess compensation for the taking of property. *P. C. C. & St. Louis Ry. Co.* v. *City of Greenville,* 69 Ohio St., 487, 69 N. E., 976; *Sargent* v. *City of Cincinnati,* 110 Ohio St., 444, 144 N. E., 132; *Emery* v. *City of Toledo,* 121 Ohio St., 257, 167 N. E., 889; *In re Appropriation by Ohio Turnpike Commission,* 99 Ohio App., 221, 133 N. E. (2d), 143; *Youngstown Metropolitan Housing Authority* v. *St. Stephen's Club,* 95 Ohio App., 113, 115 N. E. (2d), 82.

In *Emery* v. *City of Toledo, supra,* the court said:

"1. In appropriating private property to municipal uses, the determination of the municipality of the fact and extent of the public need and the uses to which the property shall be subjected is legislative and political, and may not be questioned in the appropriation proceedings against the property owner.

"2. In such appropriation proceedings the only issue relates to the value of the property.

"3. An owner whose property is being appropriated by a municipality may, at any time before the issue of value is determined, invoke the aid of a court of equity to determine whether the use is a public one, or whether the municipality in its legislative proceedings has complied with reasonable strictness with the statutes whereby the power to appropriate is conferred, or whether the municipality is acting in good faith or abusing its power.

"4. Where such equitable issue is determined by the Court of Appeals upon evidence which is in conflict and no motion for a new trial is filed, the evidence will not be reviewed by this court.

"*Quaere*: whether property appropriated by a municipality for a specified use may be used for any purpose having no definite relation to the use declared in the municipal legislation declaring the necessity for the use."

In *State, ex rel. Sun Oil Co.,* v. *City of Euclid,* 164 Ohio St., 265, at page 271, 130 N. E. (2d), 336, the court said:

"This court on several occasions has held that, although municipalities are permitted to appropriate private property for public purposes, they must, in doing so, follow strictly the modes of procedure prescribed by statute."

The court, in *Sargent* v. *City of Cincinnati, supra,* detailed the defenses which a land owner could assert in an appropriation case; saying, at pages 449 and 450, that:

"* * * the only issue which can be raised in the proceeding to assess compensation for the taking is the value of the property sought to be appropriated. Error could be prosecuted from a judgment in that proceeding, but inasmuch as the only issue in such a proceeding is the question of value, the only legal questions which could arise and to which exceptions could be taken as a basis for review in an error proceeding would be questions of service of process, defect of parties, questions concerning the admission and rejection of evidence, the charge of the court upon the proper measure of compensation, and other similar questions * * *."

Thus, there are certain issues raised in the appropriation proceedings which may give rise to an appeal if prejudicial error has intervened.

In the motion now before us, we have no way of knowing whether the appellants have a meritorious defense, based upon one or more of the issues properly before a trial court in this type of proceeding. We have only the question as to whether the overruling of a motion to vacate a judgment is a final order which may provide the basis of an appeal to this court. Such orders are considered final orders in the ordinary civil action, and we herein determine that it is a final order in an appropriation proceeding.

The motion to dismiss the appeal is overruled.

*Motion overruled.*

Stevens, P. J., and Doyle, J., concur.