Weygandt, C. J.
Was the Court of Appeals in error in holding that the question of the necessity and the extent of the appropriation of land is not determinable in this proceeding in which the state and not a private corporation is exercising its power of eminent domain?
The owners of the land rely on the provisions of Section 19, Article I of the Constitution of Ohio, that “where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner.” (Italics supplied.)
The owners concede that nowhere in Sections 5519.01 and 5519.02, Revised Code, or in cognate sections is it expressly provided that in this proceeding a property owner may raise the question of the necessity and the extent of the appropriation. However, it is urged that this right must be inferred or else the statute is unconstitutional.
*278 There are several difficulties with this view.
There is no statutory language from which such an inference can be drawn. In fact, express language conferring this right was eliminated from this statute when it was amended by the General Assembly. Furthermore, the present statute expressly provides for an appeal from the jury’s determination of the amount of compensation and damages, but no appeal is mentioned on the question of the necessity and the extent of the appropriation.
Must the right to raise the latter question in this proceeding be implied in order to hold the statute constitutional? Of course a landowner should have the right to raise this question sometime, somewhere, and under the decisions of this court he does have it in the form of an action in chancery to enjoin the appropriation proceeding. In the syllabus in the case of Sargent v. City of Cincinnati, 110 Ohio St., 444, 144 N. E., 132, it was held:
“1. In a proceeding to assess compensation for taking private property by a municipality for waterworks purposes under favor of Section 3681, General Code [Section 719.06, Revised Code], the only issue to he tried is the value of the property.
“2. In such case the question of the public need and the adaptability of the property to the intended use is a political question and not justiciable. If, however, the property sought to be appropriated is already used for the purposes intended, under rights granted by a valid perpetual lease in full force and effect, and the property owner desires to raise this issue, injunction will lie in an independent suit to determine whether the public need is being supplied.
“3. In such case the notice given to the property owner by Section 3680, General Code [Section 719.05, Revised Code], does not afford the landowner an opportunity to have that issue determined in a judicial proceeding, and does not, therefore, afford a full, complete and adequate remedy.”
And in the more recent decision in the case of Emery v. City of Toledo, 121 Ohio St., 257, 167 N. E., 889, the syllabus reads in part:
“1. In appropriating private property to municipal uses, the determination of the municipality of the fact and extent *279 of the public need and the uses to which the property shall be subjected is legislative and political, and may not be questioned in the appropriation proceedings against the property owner.
“2. In such appropriation proceedings the only issue relates to the value of the property.
“3. An owner whose property is being appropriated by a municipality may, at any time before the issue of value is determined, invoke the aid of a court of equity to determine whether the use is a public one, or whether the municipality in its legislative proceedings has complied with reasonable strictness with the statutes whereby the power to appropriate is conferred, or whether the municipality is acting in good faith or abusing its power. ’ ’
To the same effect is the summary appearing on pages 232 and 233 of 27 Ohio Jurisprudence (2d), reading in part:
“An injunction will be granted also to prevent the appropriation of an amount of land or other property in excess of that permitted by law. * * * Nor has the Court of Common Pleas any jurisdiction, in the eminent domain proceeding itself, brought under the statutes relating to the taking of property for highway purposes by the Director of Highways, to inquire into the necessity of the taking of the property to be appropriated for highway purposes or to grant an injunction restraining the Director of Highways from proceeding with the appropriation.”
Hence, it is apparent that the Court of Appeals was not in error in limiting the present proceeding to a determination of the amount of compensation and damages to which the landowners are entitled.

Judgment affirmed.

Zimmerman, Taet, Matthias, Bell, Herbert and Peck, JJ., concur.