Hulbert et, Appropriation of Easements, In re.

Common Pleas Court, Ashtabula County.

No. 47965.   Decided July 26, 1961.

218

*Mr. Alan M. Wolk*, assistant attorney general, and *Miss Donna Sherrill*, for appellee.

*Messrs. Warren, Warren, Graham & Zeigler*, for appellant.

LAMBROS, J. This matter is now before the Court on Motion for New Trial filed by the appellants, Reed O. and Zada Hulbert.

This is an appropriation proceeding instituted by the Director of Highways pursuant to Resolution and Finding filed in the Court of Common Pleas for the appropriation of land for construction of a limited access highway as provided for by Section 5511.02, Revised Code.

The Director of Highways, through this proceeding, appropriated certain lands of appellants designated as Parcels 34, 34LA, 34X, 34T and 34TT. Petition and Notice of Appeal were filed by the property owners in accordance with the procedures outlined in Sections 5519.01 and 5519.02, Revised Code.

Preliminary hearing was conducted according to law. No question was raised as to jurisdiction at that time; and the trial proceeded thereafter. Following the impanelling of a jury, appellants moved for the dismissal of that portion of the action involving Parcel 34X, which parcel was appropriated by the Director of Highways for the purpose of constructing and maintaining a channel for drainage purposes.

The appellants urge that this Court could not entertain jurisdiction over Parcel 34X because the appropriation of this property was for the purpose of constructing and maintaining a channel for drainage purposes, and appellants argued that this portion of the property must be appropriated under the provisions of Section 5579.01, Revised Code, being titled, "Appropriation of Drainage Rights of Easements."

Section 5579.01, Revised Code, provides as follows:

"The director of highways, board of county commissioners, or board of township trustees, *may*, in connection with any road improvement, appropriate any drainage rights outside the line of a highway, or any easement, right, or interest in any

property in connection with any existing highway, the same *may* be done in the manner provided by Sections 5549.04 to 5549.09, inclusive, Revised Code. Any land or property rights required for the construction of a new bridge, or for any additions or repairs to an existing bridge, may be acquired in like manner. (Emphasis supplied.)

It is the appellants' contention that the Director of Highways should have maintained a separate appropriation proceeding for the purposes of acquiring drainage rights and that said proceeding should have been instituted under Section 5579.01, Revised Code.

A review of Section 5579.01, Revised Code, reveals that said section is not necessarily a mandatory provision as it states that the Director of Highways *"may"* appropriate drainage rights and that this *"may"* be done in the manner provided by Section 5549.04 to Section 5549.09, Revised Code. It appears that the only logical construction of Section 5579.01, Revised Code, is that it is not an exclusive or mandatory provision but a procedure which the Director of Highways may utilize for the purpose of obtaining drainage rights.

In the instant case, the Director of Highways followed the procedures outlined in Section 5519.01 and 5519.02, Revised Code. Section 5519.01, Revised Code, authorizes the Director of Highways to appropriate property if he is unable to purchase it for any of the following purposes contained in Section 5501.11, Revised Code, which gives the Director of Highways the power to:

"Alter, widen, straighten, realign, relocate, establish, construct, reconstruct, improve, maintain, repair and preserve any road or highway on the state highway system, and, in connection therewith, relocate, alter, widen, deepen, clean out, or straighten the channel of any watercourse as he deems necessary, and purchase or appropriate the right to make waste dumps or borrow pits, and, where an established road has been relocated, establish, construct and maintain such connecting roads between the old and new location as will provide reasonable access thereto.

"For the location or construction of any culvert, bridge, or viaduct, or the approaches thereto, including any property

needed to extend, widen, or alter any feeder or outlet road, street, or way adjacent to or under any such bridge or viaduct when the extension, widening, or alteration of such feeder road, street or way is necessary for the full utilization of such bridge or viaduct, or for any other highway improvement.''

It is further provided in Section 5501.11, Revised Code, that the Director of Highways has the power:

''For such length of time as is necessary and desirable, *such additional property as is required for the construction and maintenance of slopes, detour roads, sewers, or drainage systems incident to any highway improvement, which he may be authorized to locate or construct.*'' (Emphasis supplied.)

In the instant case, the evidence clearly sets forth that the drainage rights sought to be obtained through the acquisition of Parcel 34-X was incident to the highway improvement. Therefore, the procedure followed by the Director of Highways in instituting this action pursuant to the provisions of Sections 5519.01 and 5519.02 is proper.

It is the opinion of this Court that the Director of Highways is not required to procede under Section 5579.01, Revised Code, for the purposes of obtaining drainage rights when the land sought to be obtained for drainage purposes is incident to a highway improvement as it was in the instant case. It being the opinion of this court that the drainage of Parcel 34X was a necessary incident to the overall highway improvement, the acquisition of Parcel 34X may be accomplished through the procedures outlined in Sections 5519.01 and 5519.02, Revised Code.

It is well settled that the only issue in an appropriation case is as to the value of the property. It is true that under some statutory appropriation proceedings a preliminary hearing is held, but the purpose of such a hearing is to ascertain that conditions precedent as to procedure have been complied with, and not to test the right to appropriate nor the extent of the taking. Questions as to the necessity of the taking, the validity or propriety of the appropriation, the taking of an excessive quantity of land, the taking possession of property before payment of compensation, and like questions, must be raised by a separate injunction suit.

As the only issue in the appropriation case is as to the value of the property, questions as to the right to make the appropriation, the necessity of or the extent of taking, and the legality of obtaining drainage rights are not determined upon preliminary hearing nor by the Court or jury during the trial of said cause, but must be raised in a separate injunction suit.

It is the opinion of this Court that the appellants, if they felt the appropriation of Parcel 34X was not proper, should have instituted proceedings by way of filing a separate injunction suit; that the only issue before the Court in this appropriation case was as to the value of the land. The Court wishes to call to counsel's attention the case of *McCarnes* v. *Ohio Turnpike*, 99 Ohio App., 221, 58 Ohio Opinions, 394, and the case of *Thormeyer* v. *Irvin*, 170 Ohio St., 276.

It is this Court's opinion that the procedure followed by the Director of Highways for the State of Ohio in the appropriation of lands of Reed O. and Zada Hulbert, including that parcel designated as 34X, was accomplished pursuant to law; that, as Parcel 34X was for the purpose of constructing a drainage system incident to the highway improvement, said acquisition of Parcel 34X was properly before this Court for the determination as to the value thereof.

Although other grounds are set forth in the Motion for New Trial, the only ground argued by the appellants was the claim that the Court erred in not sustaining appellants' motion at the outset of the trial striking from said action that portion of the land designed as 34X by reason that the Court could not entertain jurisdiction over said parcel for drainage purposes.

This Court is of the opinion that the claimed error of appellants that the Court is without jurisdiction over Parcel 34X is groundless, and that there is no basis whatever for the other assignments of error outlined by the land owners.

Therefore, the motion for new trial is overruled, and exceptions to this ruling are noted.