O’Neill, J.
The controlling question presented by this cause is: Does the Court of Appeals have jurisdiction in an *111 appropriation proceeding, such as this, to make a determination that as a matter of law the record does not show a “taking” and thereupon reverse the judgment of the Common Pleas Court and dismiss the action?
This question has been before this court upon prior occasions and has been determined. The most recent case is Thormyer, Acting Director of Highways, v. Irvin, 170 Ohio St., 276, the first paragraph of the syllabus of which states as follows:
“In an appropriation proceeding by the Director of Highways of the state of Ohio for the purpose of taking property for highway purposes as provided by Sections 5519.01 and 5519.02, Bevised Code, the jurisdiction of the Court of Common Pleas is limited to a determination of the amount of compensation and damages to which the landowner is entitled.” See, also, Sargent v. City of Cincinnati, 110 Ohio St., 444, and Emery v. City of Toledo, 121 Ohio St., 257.
In the second paragraph of the syllabus of the Irvin case, supra, the court held:
“A question of the necessity and the extent of the appropriation of such land may be determined in a separate action to enjoin the proceeding.”
And in State, ex rel. McKay, Exr., v. Kauer, Dir. of Highways, 156 Ohio St., 347, the court held in the third paragraph of the syllabus as follows:
“In such case, if the Director of Highways fails or refuses to purchase the easement rights of the owner in the public highway upon which his property abuts or to fix what he deems to be the value of such easement so taken together with damages to the remainder of the property, if any, and deposit the amount thereof with the Probate Court or the Common Pleas Court of the county within which such property is situated, the owner by action in mandamus may require him to do so.”
The court has determined that, in instances where a property owner is of the opinion that there is no necessity for an appropriation, injunction is the proper remedy; that, in instances where the propei’ty owner is of the opinion that there is a “taking” of his property and the proper authority has refused payment of just compensation and has refused to institute appropriation proceedings, mandamus is a proper remedy; *112 and that, where the Director of Highways has, by resolution, designated a “taking” and brought an action for appropriation in the Common Pleas Court and made a deposit, the jurisdiction of the Common Pleas Court is limited to a determination of the amount of compensation and damages to which the landowner is entitled.
The Court of Appeals did not have before it the question of limiting the property owner to “nominal compensation and nominal damages” for the “taking,” and this court does not have that question before it now.
In his resolution and finding filed in the Common Pleas Court of Franklin County, the appellee alleged as follows:
“Whereas, I have been unable to purchase certain hereinafter described property rights, needed in the construction and improvement of state route No. U. S. 23, Section D.A., 1.14, Franklin County, Ohio, which highway has been declared a limited access highway or freeway in accordance with Section 5511.02 of the Revised Code of Ohio, and recorded on September 27, 1957, in volume 42, page 893, of the Journal of the Director of Highways.
“Therefore, I find it is necessary for the public convenience and welfare that action be taken under Section 5519.01 and related sections of the Revised Code of Ohio, to appropriate the property rights hereinafter described, which I deem needed, in accordance with the plans and specifications on file in the Department of Highways, Columbus, Ohio * * *.
í Í # * *
“The aforementioned property rights to be acquired are located in * * .
“Parcel No. 1-B-P.R. (Property Rights)
“As easement of property rights, being the impairment of ingress and egress, caused by the construction and improvement, and approaches to state route No. U. S. 23, Section D.A., 1.14, Franklin County, Ohio * * *.”
It is true that appellee asserted that:
“And I find the following amount to be the value of the property rights to be appropriated.
“Value of Property Rights
Total Deposit
$1.00
$1.00”
*113 In the trial of the case, both the appellants and the appellee presented evidence of the value of the property being taken. The appellee did not object to any of the testimony presented by the appellants and in fact cross-examined appellants’ valuation witnesses, nor did he object to special instructions No. 3 and No. 4 given by the trial court, which were as follows:
No. 3. “You are instructed as a separate proposition of law, that the property owners’ private right for easement for the use of ingress and egress to and from its property has been and will be impaired.”
No. 4. “You are instructed that with regard to the exercise of the power of eminent domain, it is not necessary that there be an absolute ‘taking’, in the narrow sense of the word, to being [bring] the case within the protection of the constitutional provision for compensation; under this constitutional provision, any taking, whether it is physical or on the other hand, merely deprives the owner of an intangible interest appertinent to the premises, entitle the owner to compensation.”
The appellee can not complain upon appeal that there should be only “nominal compensation and nominal damage” allowed when he failed to raise this issue by proper objection in the trial court to either the presentation of evidence or to the charge to the jury by the court.
Cross-appellant’s assignments of error are without merit.
The judgment of the Court of Appeals is hereby reversed and the judgment of the Common Pleas Court affirmed.

Judgment reversed.

Taut, C. J., Zimmerman, Matthias, Grieeith and Gibson, JJ., concur.
Herbert, J., not participating.