THE GUTHRIE & WESTERN -RAILWAY COMPANY v. J. K. FAULKNER.

(Filed June 6, 1903.)

1. **CONDEMNATION FOR RAILROAD RIGHT OF WAY—Damages for Land Actually Taken.** In determining the damages sustained by a land owner caused by the laying out and construction of a railroad over and across his land, the jury should first ascertain the amount of land actually taken for the right of way, and allow a fair, reasonable market value therefor, without regard to whether other lands are benefited or damaged by the laying out and constructing of such railroad.

2. **DAMAGES TO LANDS AFFECTED BUT NOT ACTUALLY TAKEN BY THE RIGHT OF WAY.** In determining whether land affected by, but not actually taken by the right of way are damaged or benefited by the laying out and constructing of the railroad, the jury have no right to take into consideration any benefits that may have accrued to such lands, which are common to other lands in the vicinity of such railroad, or any benefits which the owner of such land may share in common with the general public.

3. **INSTRUCTION—Not Error, When.** It is not error for the court to refose the following instruction: "The railway company does not by these proceedings secure title to the land taken, but only an easement, and the land owner may use such right of way for any purpose that is not inconsistent with the use of the railway company, and when there is a valuable spring on the right of way that is not destroyed by the railway company in the construction of its road, the land owner has the right to enter upon the right of way and pipe or otherwise conduct the water of such spring to other portions of his farm, if in so doing he does not interfere with the use of such right of way for railroad purposes, and such land owner is not entitled to recover the value of such spring, unless the same is destroyed."

(Syllabus by the Court.)

*Error from the District Court of Logan County; before John H. Burford, Trial Judge.*

*Henry E. Asp* and *George S. Green,* for plaintiff in error.

*Dale & Bierer,* for defendant in error.

### STATEMENT OF FACTS.

This was an action brought by the plaintiff in error to condemn a right of way over the northwest quarter of section 8, in township 15, north of range 3, west of Indian Meridian, in Logan county, Oklahoma Territory. There was a demand filed by the defendant for a jury, and the action was tried at the February term, 1901, of the district court of Logan county, and a verdict rendered in favor of the land owner for the sum of $1,225. A motion was made for a new trial, which was overruled by the court, and judgment on the verdict pronounced, to which overruling of the motion for a new trial and pronouncing judgment, plaintiff in error excepted, now excepts and brings the case here for review. Affirmed.

Opinion of the court by

IRWIN, J.: The principal contention of plaintiff in error, and the main grounds on which a reversal is sought in this case, is that the court below tried the case on a wrong theory: That the trial of the case in the court below under the instructions of the judge of that court, was upon the theory that the railway company took by such right of way a fee simple title, while defendant's counsel claim that such right of way amounts to a mere easement.

While it is not entirely free from doubt as to what the true and proper construction under our statute of the real

title obtained by the railroad company is, an examination of the statute will show that the railroad company took such an easement in the land as permanently deprives the owner of the practical use of the land actually taken. Section 1026 of the Statutes of 1893, is as follows:

"Every railroad corporation has power and is authorized * * * * to take and hold and appropriate so much real estate as may be necessary for the location, construction and convenient use of its road, * * * * and may obtain the right of such real estate by purchase or condemnation."

This section certainly confers the power upon railroads to take, hold and appropriate real estate necessary for the location, construction and convenient use of their road. Now whether such an appropriation is called a fee simple title, or merely an easement, it is apparent that such an appropriation is a permanent taking and holding of the real estate to the exclusion of the owner, for all practical purposes, and while it is taken for an express purpose, the effect as to the land owner is to deprive him of the use of his land; and we think that a careful examination of the instructions of the court shows that they go no further than stating to the jury that this is the effect of such taking and appropriation upon the part of the railroad company.

Therefore, we think it is not necessary to go into an elaborate discussion, or to draw delicate and fine spun distinctions between an easement for railroad purposes, and a fee simple title, as the jury were given clearly to understand by the instruction of the court just what right, title and interest the railroad company took by these proceedings; and if the in-

structions were followed by the jury, the damages were assessed upon this theory.

While it is true, as contended by counsel for plaintiff in error, that the land taken by the railroad company for its right of way might be made use of by the land owner for any purpose in any way not inconsistent with or destructive of the use of the same by the railroad company for right of way, this was an element which might have been gone into and considered by the jury under a proper examination of the witnesses; and just what use might or might not have been made could have been made clear to the jury by propounding proper questions. It was a subject of inquiry that it seems to us could have been decided by the jury under the instructions of the court, and we think the instructions of the court as a whole clearly stated just what rights the railroad company took by these condemnation proceedings.

It is complained of that one of the elements of damage for which the land owner sought to recover was the loss of a spring, and complaint is made that the court refused an instruction on this subject, which is as follows:

"The railway company does not by these proceedings secure title to the land taken, but only an easement, and the land owner may use such right of way for any purpose that is not inconsistent with the use of the railway; and where there is a valuable spring on the right of way that is not destroyed by the railway company in the construction of this road, the land owner has the right to enter upon the right of way, and pipe, or otherwise conduct the water of such spring to other portions of his farm, if in so doing he does not interfere with the use of such right of way for railroad purposes; and said land owner is not entitled to recover the value of said spring unless the same is destroyed."

We think it was not error to refuse this instruction, as we think it is fatally defective in omitting from the consideration of the jury while considering the injury to this spring, the element of damage as distinguished from total destruction. This instruction is upon the theory that before the plaintiff can recover for damage to the spring, it must appear that it has been totally destroyed.

The evidence might show that while the spring had not been entirely destroyed, it may have been in some way damaged, and the use of the same impaired. The approach to the same may have been made more difficult, and may have been made less easy of access; in many ways it may be affected, and injured without being totally destroyed, which element is entirely omitted from this instruction.

We have carefully examined all the instructions of the court, both those given and those refused, and we think as a whole, the instructions clearly stated the law of the case; and finding no error in the instructions, and believing that justice has been done, the decision of the lower court is affirmed.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.