ANNE BEESON PURDY, Appellant, v. WATERLOO, CEDAR FALLS & NORTHERN RAILWAY COMPANY, Appellee.

**APPEAL AND ERROR:** Harmless Error—Subsequent Reception of
1  Excluded Testimony. Error in excluding testimony is rendered harmless by the subsequent reception of such testimony.

**EMINENT DOMAIN:** Compensation—Proper Basis—Authorized Use.
2  Compensation for right of way taken must be determined, admittedly, on the basis of the *authorized* use; but, where the evidence of damages bore solely on such use (general railway purposes), and the court instructed that the damages must be determined on that basis, the fact that defendant's witness stated that the road "was equipped for electrical operation" furnishes no basis on which to rest error, especially when plaintiff had already shown such fact. The reception of such statement was (a) not error, but (b) if error, wholly harmless.

**TRIAL:** Reception of Evidence—Natural Incidents of Case. Matters
3  which are the natural incidents of a case are properly received— for instance, the residence of a party litigant. If immaterial, such a matter is wholly harmless.

**TRIAL:** Instructions—Applicability to Evidence—Unfounded Admo-
4  nition to Jury. Instructions which warn the jury not to be influenced by matters of which there is no evidence are manifestly improper and properly rejected—for instance, a warning against being influenced by a former award in condemnation proceedings, when there was no evidence of the amount of such award.

**TRIAL**: Instructions—Form, Requisites, Sufficiency—Cautionary, Propriety of.  The propriety of cautionary instructions, depending so largely on the atmosphere of the trial, the arguments of counsel, and the general conduct of the trial, must be left, quite largely, to the discretion of the trial court.  The court may, if necessary, even contradict the argument of counsel.

PRINCIPLE APPLIED: In the trial of an appeal from the award of a jury in condemnation proceedings, the court instructed: (a) that the defendant had the right to take down the fence across the right of way and take possession at once after the making and payment of the award; (b) that taking the land against the will of the owner was no wrong, and the jury should not be influenced thereby; and (c) that the taking was under the sanction of the law.  *Held* proper under the record.

**EMINENT DOMAIN**: Compensation—Proceedings to Determine—Appeal—Instructions.  Instructions are proper which state to the jury that if the owner's land, bisected by a condemnation, were, in the future, platted as an addition to the city, street crossings could be obtained across the railway right of way as a matter of right, even though the court did not add that such right could not be enforced without giving compensation.

**EMINENT DOMAIN**: Compensation—Proceedings to Determine—Appeal—Waiver to Avoid New Trial—Harmless Error.  The land owner cannot complain of the filing by the condemnor of a waiver of all future damages because of streets' being opened across the condemned right of way, even though it was filed in order to avoid an alleged error set up by the land owner in his motion for new trial.  The land owner is not compelled to accept the gratuitous offer; and, on the other hand, he may get something for nothing.

*Appeal from Black Hawk District Court.*—HON. F. C. PLATT, Judge.

FRIDAY, NOVEMBER 26, 1915.

THIS is a proceeding for condemnation of plaintiff's land for railway right of way purposes.  The proceeding was instituted on behalf of the defendant railway company, before a sheriff's jury.  From the award of the sheriff's jury, the land owner, plaintiff herein, appealed to the district court.  Upon trial in the district court, she obtained an increased verdict.

The amount thereof, however, is still deemed inadequate, and she has appealed.—*Affirmed.*

*Gates & Liffring* and *H. B. Boies,* for appellant.

*Pickett, Swisher & Farwell,* for appellee.

Evans, J.—The plaintiff was the owner of a tract of land comprising 103 acres, lying outside the platted portion of the city of Waterloo, but within the corporate limits. The condemnation involves the taking of a strip 50 feet wide, extending in a straight line diagonally from northwesterly to southeasterly, and appropriating $3\frac{3}{4}$ acres of the tract. The evidence as to the value of the original tract varied from a minimum of $200 per acre to a maximum of $400 per acre. The verdict for plaintiff was for $2,750. The range of the evidence of opinion witnesses fixed the damages at from a minimum of $1,900 to a maximum of $8,800.

The argument of appellant is directed largely to alleged persistent and consistent unfairness of the trial, and the specifications of error are directed to that general proposition.

I. The first error assigned relates to a ruling upon the admission of the testimony of the witness Peek. The witness testified on behalf of plaintiff. He was asked to state the value of the tract of land in question. Objection was made to the question, on the ground that the witness had not shown himself qualified to express an opinion, and this objection was sustained. Thereupon, the plaintiff conducted a further examination of the witness, with a view of showing his qualifications. Following such examination, he was again asked to state his opinion of the market value of the tract in question, both before and after appropriation. At this time, he was permitted to testify fully on this subject. The complaint is that the objection in the first instance was improperly sustained. We think not; and though it were,

1. Appeal and error: harmless error: subsequent reception of excluded testimony.

the error was completely cured by the subsequent examination.

II. The first witness called for the defendant was Rusk. He testified without objection to a general description of the physical conditions upon the right of way, including a description of the cuts and fills and their linear extent and the linear extent of that part of the road which was at grade with the natural surface. Over the objection of the plaintiff, he testified also that the road was equipped for electrical operation. The ground of plaintiff's objection to this testimony was that the proposed condemnation was for general railway purposes, and that the plaintiff was entitled to have her damages measured by such proposed or authorized use, and not by the present actual use. There can be no doubt of the right of the plaintiff to have her damages measured on the basis claimed. The trial court so instructed the jury specifically and so indicated his views in ruling upon testimony. The plaintiff, in the introduction of her testimony, brought into the case the subject of electrical operation. The witness Peek testified in her behalf, in the first instance, that the amount of damages would be affected by the question whether it was to be a steam road or an electrical road. He did not, however, indicate his view as to which would cause the greater damage. He also testified without objection to his observance of the poles, wires, and trolley. The subject being further pressed upon cross-examination, plaintiff's objection thereto was sustained. This ruling was followed by remarks of the court in the presence of the jury that the railway company would have the right to use it as a steam road, and that such was the proper basis for the consideration of the question of damages. The later objection to the testimony of the witness Rusk might properly have been sustained, but the testimony thus elicited added no fact to the record which had not already appeared from the testimony of plaintiff's witness. There could have been no prejudice therefrom. And

2. EMINENT DOMAIN: compensation: proper basis: authorized use.

this is especially so in view of the specific instructions of the court on that subject in the submission of the case to the jury.

III. The defendant called as a witness one of the plaintiff's attorneys. It appeared from his testimony that his firm had been the agent of the land owner for many years, and that the tract of land had a rental value of $140 a year. He was also asked to state the residence of the plaintiff. Objection to this question was overruled, and error is assigned upon such ruling. It appeared from his answer that the plaintiff lived in Westchester County, New York. It is argued that this fact tended to the plaintiff's prejudice, because it thus appeared that she was not a resident of Iowa.

3. TRIAL: reception of evidence: natural incidents of case.

The residence of parties to the litigation is a fact which usually appears in the record of a trial almost as a matter of course. There is nothing in such fact which presumptively tends to create prejudice. There is a sense in which such fact is always immaterial, and another sense in which it always tends to throw some light upon the conduct of the parties. Even if the fact should be deemed irrelevant and immaterial in this case, it was, for the same reason, manifestly nonprejudicial.

IV. The plaintiff submitted to the court three requested instructions. These were not given in the form asked. They were in large part included in the instructions given by the court on its own motion. Complaint is made of the court's refusal. Some portions of these instructions were clearly objectionable. Number 1 dealt with the finding of the sheriff's jury and warned the jury that it was not to be influenced by such previous finding. The amount of the award of the sheriff's jury had not been made to appear upon the trial. There was, therefore, no propriety in warning the jury not to be influenced by the amount thus awarded. The instructions given did warn the jury that they were not to be influenced by the fact that there had been a previous award.

4. TRIAL: instructions: applicability to evidence: unfounded admonition to jury.

As to the second and third instructions requested, they were quite argumentative and laid emphasis upon certain details of the evidence. Omitting such emphasis, the substance of these instructions was incorporated in the instructions given.

V. In certain of the instructions, the jury was advised that the railway company was within its rights in taking down the fence across the right of way and in entering upon such right of way immediately after the condemnation by the sheriff's jury and after deposit by the railway company of the award made; and that the fact that it took such land against the will of the plaintiff was not a wrong; and that the jury should not be influenced by such considerations in fixing the damages. It was said, also, that such acts were under the sanction of the law. Criticism is made of this feature of the instructions, in that it was argumentative and laid undue emphasis upon the rights of the defendant. This part of the instructions was cautionary, of course. How far the trial court should indulge in cautionary instructions is a matter which must be left very largely to the sound discretion of such court. Circumstances do arise in the course of a trial, and especially in the course of argument of counsel, which are calculated to deflect the minds of the jury away from the real issues to be tried by them. Such circumstances cannot always appear fully upon the record. If prejudicial, they could be later used as grounds for a new trial. Where they occur in the presence of the court, we think it proper that the court should hold the jury to its proper lines, even to the extent of contradicting argument, if necessary. It does not appear in this record that any improper argument was used by counsel. Nevertheless, the cautions of the court were clearly within the law, and only stated matters which it was well for the jurors to know, and which could not fail to aid them in maintaining candor of judgment in arriving at their verdict. They furnish, therefore, no ground of complaint.

5. TRIAL: instructions: form, requisites, sufficiency: cautionary, propriety of.

VI. Special complaint is made against Instruction No. 7.
This instruction advised the jury, in substance, that, even
though the plaintiff's land should be platted in the future,
suitable street crossings could be obtained
across the line of railway as a matter of right.
The complaint urged against this instruction
is that it failed to state that such right could
not be enforced without giving compensation
in damages. The witnesses for the plaintiff predicated their
opinions of the measure of damage upon the theory that plain-
tiff's tract would become, in the near future, suitable as an
addition to the city. Manifestly, defendant's right of way
cut off a large part of this tract. If this right of way were to
remain as an impenetrable line, it would naturally appear to
the jury that that portion of the tract so cut off could not be
utilized for platting, because of its isolation from the rest of
the city. The instruction complained of was calculated to
give light to the jury at that point and to advise them that
the law did make provision for such conditions. It was stated
only in general terms. It was surely proper as far as it went.
Nor do we think there was appropriate occasion for directing
the attention of the jury to the question of damages arising
by reason of such street crossings. It would not aid the jury
to know that there would be liability for damages for street
crossings, unless it could also know the approximate extent of
such damages. It would be clearly improper to send the jury
into such field. When it is further considered that such dam-
ages are usually nominal, in the absence of interference with
terminal improvements, it could not have aided the plaintiff
if the court had so stated to the jury. The purpose of the
instruction was simply to advise the jury that the future
platting of plaintiff's property on the further side of the
railway was not necessarily rendered impossible or imprac-
ticable by reason of the condemnation of the right of way.
It was sufficiently stated in general terms, and further details
were not required. The foregoing comprise the specific errors

6. EMINENT DO-
MAIN: compen-
sation: pro-
ceedings to de-
termine: ap-
peal: instruc-
tions.

complained of.  Complaint is made of the inadequacy of the verdict and the unfairness of the trial.  The verdict appears to be as well supported by the evidence on the one side as a larger verdict would have been supported by the evidence on the other.  We are unable to discover in the record anything that supports the claim of unfairness in the trial.

VII. In resisting the motion for a new trial, the defendant caused to be made of record, as one of the conditions of the condemnation, that it waived forever all right to claim damages by reason of any future street crossings across such right of way.  It is urged that the trial court was not warranted in permitting such waiver and in trading off the legal rights of plaintiff therefor.  The waiver appears to represent the defendant's appraisement of its future damages by street crossings.  Such waiver will be valuable to the plaintiff or otherwise, according as the damages thus waived might otherwise have been substantial or only nominal.  If such damages could be only nominal, then the waiver is not a great asset.  If they might be substantial, the waiver will be of value accordingly.  In any event, the plaintiff is under no compulsion with reference thereto.

7. EMINENT DOMAIN: compensation: proceeding to determine: appeal: waiver to avoid new trial: harmless error.

The judgment entered below must be—*Affirmed.*

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.