## 10335

### WATEREE POWER CO. v. RION *ET AL.*

### SAME v. RION.

(102 S. E. 331.)

1. EMINENT DOMAIN—VERDICT OF CONDEMNATION JURY NOT ADMISSIBLE IN EVIDENCE ON APPEAL FROM AWARD.—On appeal from the award of the condemnation jury, the verdict of the condemnation jury is not admissible in evidence, the trial in the Circuit Court being *de novo*, and the parties having the right to examine any of the condemnation jurors as witnesses to the probable damage.

2. EVIDENCE—AMOUNT PAID BY CONDEMNOR FOR LAND IN VICINITY ADMISSIBLE.—In a proceeding to condemn land for a water power project where the only sales in recent years had been to the power company, landowners should be allowed to show the amount paid by the company for other similar lands in the same general neighborhood.

3. EMINENT DOMAIN—INJURIES TO GENERAL HEALTH WHICH WOULD RESULT FROM FLOODING LANDS CONDEMNED IS ADMISSIBLE.—In a proceeding to condemn lands for water power project, where it was contemplated that the lands taken should be flooded, the landowners should be allowed to show the injury to health conditions to surrounding lands resulting from a similar impounding of waters.

4. EVIDENCE—TESTIMONY THAT CONDEMNOR HAD UNDER CONTEMPLATION BUILDING OF ROADS OVER PROPERTY TAKEN AND IMPROVING SAME INADMISSIBLE.—In proceeding to condemn land for part of a water power project, testimony that the condemnor had under contemplation the building of roads over property taken and the clearing of the bounded area was incompetent, being hearsay, and no more than a loose declaration by the witness not binding on the condemnor.

5. Eminent Domain—Extent of Compensation Though Easement Only Is Desired.—Where lands were condemned for water power project, the landowner is entitled to compensation for all lands taken, even though as to some of the lands the condemnor desired only an easement; for the right to use the land condemned is just as much a taking as if the land were actually used all the time.

Before Memminger, J., Fairfield, Fall term, 1918. Reversed.

Proceedings by the Wateree Power Company against Holbrook Rion and Mrs. Helen Rion for the condemnation of lands, together with proceedings by the same petitioner against Mrs. Helen Rion. All parties appealed from the assessment made by the clerk's jury, and the appeals were heard together before Judge Memminger, and a jury, in the Circuit Court, and from judgment upon the verdict of the jury in the Circuit Court, the landowners appeal.

*Messrs. Barron, McKay, Frierson & McCants,* for appellants, submit: *His Honor, the presiding Judge, erred in refusing to admit evidence of the amount paid by the petitioner herein, at dates reasonably near, for lands of the same general nature and in the same neighborhood as the lands here in question:* 33 Fed. 415; (Mass.) 14 N. E. 772; (W. Va.) 50 S. E. 521; (N. J.) 85 Atl. 197; (Va.) 60 S. E. 727; (N. J.) 101 Atl. 60. *It was error to allow witnesses for the petitioner that the power company had under contemplation the building of roads over the property in question, and to make other improvements:* Civil Code 1912, sec. 3295; 33 S. C. 175; 17 S. C. 580; (N. C.) 78 S. E. 299; (Ga.) 77 S. E. 565. *The proper rule is that the private party is entitled to recover full damages for the taking of the entire condemned area, regardless of the portion to be covered by water:* 5 Rich. L. 128, 137; (N. C.) 49 S. E. 350, 352; (Cal.) 106 Am. St. Rep. 36.

*Messrs. Osborne, Cocke & Robinson, McDonald & McDonald* and *W. D. Douglass,* for petitioner-respondent

*Messrs. McDonald &· ·McDonald* submit: *Evidence as to prices paid by the condemnor for other lands in the vicinity was clearly inadmissible:* 10 R. C. L., p. 220; 146 Ill. 372 21 L. R. A. 373; 10 A. & E. En., p. 1156; 1 Elliott on Ev. par. 181; 43 L. R. A. (N. S.), p. 986; Lewis on Eminent Domain, par. 447 (see Third Edition, par. 667). *In any event appellants were not harmed by the exclusion of this evidence, as they proved the market value of the very land in question by three witnesses, who professed to know something of the value of that tract:* 104 S. C. 129. *Evidence of damage by reason of impaired health conditions, to lands adjoining the development of Parr Shoals Power Company similar to the development here proposed was clearly inadmissible:* 17 S. C. 129; 90 S. C. 267. *Remarks by the presiding Judge during argument concerning the admissibility of testimony are not a charge on the facts, and do no. ordinarily constitute error:* 79 S. C. 477; 73 S. C. 383. *Testimony that the condemnor proposed to build road through, and that the ponded area would be cleared of trees and underbrush was competent:* Civil Code 1912, sec. 3295; 65 S. C. 459; Lewis on Eminent Domain, vol. II, par. 712; 10 R. C. L., p. 133; 106 A. S. R. 36; concurring opinion by Justice Wardlaw, 7 Rich. 197 (42 S. C. Law); 38 S. C. 284 64 S. C. 444.

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was a proceeding brought for condemnation of certain lands. A condemnation jury was impaneled, proceedings duly instituted, and an award of $51,868 rendered From this verdict all parties appealed. In September, 1919, the causes were tried together before Judge Memminger. and a jury, at Winnsboro, resulting in a verdict for Hol·

brook Rion and Mrs. Helen Rion in* the amount of $6,000, and for Mrs. Helen Rion for $6,000. After entry of judgment, appellants appealed.

Exception 1 is that: "His Honor, the presiding Judge, erred in refusing to permit attorneys for respondents to read to the jury the verdict of the condemnation jury, from which appeal was based, such verdict being an integral part of the record in this ·case, and the respondents being entitled to have such findings made known to the jury in the instant proceedings."

This exception is overruled, and the trial in the Circuit Court was a trial *de novo*. What the jury did in the condemnation proceedings before the clerk should not in any way influence the jury in the Circuit Court.

The appellants could have summoned the jury as witnesses, and examined them as to the probable damages, the same as any other witnesses in the case, as was done with Bratton, who was on the condemnation jury, and examined as to the matters complained of in this exception.

Exceptions 2, 3 and 5 are: "Exception 2: His Honor, the presiding Judge, erred in refusing to admit evidence of the amount paid by the petitioner herein, at dates reasonably near, for lands of the same general nature and in the same neighborhood as the lands here in question, whereby the respondents were prejudiced in being denied the right to show, by the only testimony available, what was the market value of lands in their immediate vicinity; the petitioner having been effectually the only purchaser of the land in the neighborhood since 1909, when its right to develop its water power and to condemn lands was granted.

"Exception 3: His Honor, the presiding Judge, erred in refusing to admit evidence of damage by reason of impaired health conditions to lands adjoining the development of the Parr Shoals Power Company similar to the development here projected; such conditions arising by reason of the

ponding of water and the resulting malarial conditions incident to the breeding of mosquitoes. * * *

"Exception 5: His Honor, the presiding Judge, erred in allowing witnesses for the petition to testify that the power company had under contemplation the building of roads over the property in question, and to testify further that the power company proposes to clear out the ponded area and remove the brush and trees therefrom; said testimony being incompetent, in that it was hearsay, and without any support of proper guaranty on the part of the petitioner that such road would be built or such clearing up effected."

Since 1909, when respondent procured the right to develop property in this vicinity, no sales of real estate have been made, except sales to the respondent. For over ten years the respondent has purchased lands, there being no other purchasers as far as the evidence shows, as the evidence of Elliott, excluded by his Honor, was competent, and should have been received as tending to show the value of lands of the same general neighborhood and of the same general nature, and the amount paid within a year of the condemnation proceeding.

The appellants had the right of showing the valuation placed by the respondent upon similar lands in the same general neighborhood, and it was competent to show by Elliott what the respondent had paid him for his land under the showing made, and for the jury in assessing damages to have the benefit of this evidence in determining the issue submitted to them for value. This exception is sustained.

Exception 3 is sustained. The condition which would naturally result from the ponding of the water, was a proper subject of evidence to be submitted to the jury for their determination, and a condition created in a similar development, under a similar condition, was a proper subject to be admitted and determined.

Exception 5 is sustained. The testimony is incompetent, being hearsay, and being no more than the loose declaration

of a witness, without authority to bind the respondent and without authority to guarantee his declaration and boast or in any way bind the respondent, who could promptly repudiate the same as being made without their authority. The witness was not an officer of the respondent and did not show any authority on his part whereby respondent could be bound, and his evidence as to what the respondent intended to do in the vague future was worthless and misleading and prejudicial and clearly hearsay, inadmissible, and incompetent. The plat introduced by respondents does not show any contemplated roads. The evidence of the witness was without binding force either morally or legally on the respondent.

Exception 6 is sustained. It is an unsound statement of the law of the case. The Rions were entitled to recover full damages for the entire area taken, regardless of the area to be covered by water. The appellants are entitled to recover for the land taken and damage caused by the taking and use of land so taken to the remainder of the land. Whether or not the respondent use the entire land so condemned is not the question, but what it acquires the right to do determines the amount of damages.

The right to use the land condemned at any time by the respondent is in contemplation of law just as much taken for the purpose of easement as if actually used all the time by them.

The appellants were entitled to recover full compensation for all the land within the condemned area. The respondent must pay for the value (actual) of the total acreage over which it acquires the right to pond water.

Exception 4 is not considered as being unnecessary, as the judgment is reversed, and new trial granted on other exceptions. .

Judgment reversed.