## CINCINNATI (city) v SMYTHE et

Ohio Appeals, 1st Dist, Hamilton Co

No 5137.  Decided Feb 8, 1937

John D. Ellis, City Solicitor, Cincinnati, Francis T. Bartlett, Ass't City Solicitor, Cincinnati, for appellee.

Robert A. Black, Cincinnati, for appellants-Mashburns.

W. F. Fox, Cincinnati, for appellants-W. F. Fox, et al.

## OPINION

By ROSS, J.

Appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County, Ohio.

The immediate proceeding under review was instituted to vacate a judgment and order of distribution in a condemnation proceeding.

The ancestor of the appellant minors was a party to such condemnation proceeding, but died before verdict was rendered therein. No revivor was taken as to these appellant minors, who were heirs of M. O. Mashburn, party to the condemnation proceedings. The judgment is voidable as to such minors and may be vacated. 1 Ohio Jur., p. 77, 78. However, as the action to condemn is in effect an action in rem, 1 Ohio Jur. 303, and the value of the fee has been determined, it is our conclusion that the judgment fixing the value of the property taken in which the appellants are interested should not be disturbed.

It appears further that the ancestor of appellants was a co-assignee of a perpetual lease (99 years, renewable forever, with option of purchase). The appellant minors are, therefore, the proper parties to seek vacation of the judgment involving their interests in the leasehold estate. §10503-11, GC. 14 Ohio Jur., 138.

The court in its entry of distribution decreed that the $30,000.00 awarded as compensation for the taking of the entire fee, which consisted of 25 feet off of the front of a building, should be allocated, first to the restoration of the front of the building, $4,000.00 being set aside for this purpose. The balance of the sum of $26,000.00 was ordered paid to the owners of the reversion "which amount" the court further decreed "will also be a credit upon the sum of $90,000.00 purchase price in the event the lessee elects to purchase under the terms of the lease."

The values of the reversion and leasehold should have been determined in the condemnation proceedings and appropriate awards should have been made to the respective owners of the several estates involved. Cullen & Vaughn Co. v Bender Co., 122 Oh St 82. In this case, the court in the opinion, p. 86, stated:

"True, the claim of the Bender Company was allowed, and the claim of the Cullen & Vaughn Company was rejected. It should be stated in passing that it is difficult to see upon what theory the claim of the Cullen & Vaughn Company should have been rejected in toto."

The assignees not having exercised their option to purchase, the reversioners should have been compensated for the difference in value of their reversionary interest in the entire tract before and after separating the part appropriated and the assignees of lessees should have been compensated for the difference in the value of their leasehold. It is not necessary that they await until exercising their option to purchase in order to receive compensation for damage to a present estate. It is also obvious, however, that the damage to the entire fee must be the sum total of the damage to the reversion and the leasehold estate. We do not here have to consider the effect upon the option to purchase.

It is our conclusion, therefore, that the entry of distribution must be vacated, and the judgment pro tanto reversed in so far as it affects the interests of the appellant minors, and the cause is remanded to the Court of Common Pleas for further proceedings according to law.

TATGENHORST, PJ, and HAMILTON, J, concur.