**UNITED STATES of America, Plaintiff,**

**v.**

**127.03 ACRES OF LAND, MORE OR LESS, situated IN THE WARDS OF MALEZA ALTA AND AGUACATE, MUNICIPALITY OF AGUADILLA, PUERTO RICO, and Maria Hernandez Badillo, et al., Defendants.**

**Civ. No. 9516.**

United States District Court
D. Puerto Rico
San Juan Division.

March 4, 1957.

Ruben Rodriguez Antongiorgi, U. S. Atty., San Juan, P. R., for plaintiff.

Hector Reichard, Aguadilla, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

In this condemnation proceeding the government deposited the sum of One Hundred Ninety Five Dollars as just compensation for two small tracts of land situate in the Maleza Altas Ward of the Municipality of Aguadilla, Puerto Rico. No deposit was made to compensate for the taking of a concrete structure located on the tracts, it being contended by the government that the structure was erected in violation of a perpetual easement in favor of the condemner, in, over, upon and across the tracts which lie within a clearance zone, and the airspace thereover, for the establishment and use of a glide angle plane for the flight of aircraft at an angle of 60 to 1 with the ground, including the continuing right of the United States to cut and remove timber, remove buildings, and clear the zone of any and all obstructions extending above the glide angle plane; and including the right of ingress and egress to effect the necessary clearance, reserving, however, to the landowner and his heirs and assigns, all such rights and privileges as may be used and enjoyed without interfering with or abridging the easements acquired by the United States, subject to the condition that erection of additional structures or obstructions of any kind (oth-

er than repair and replacement of existing fences and the growing of trees), on said tracts are to be prohibited.

This easement was acquired from the present condemnee's predecessors in title by condemnation proceedings which proceeded to judgment in favor of the United States, the judgment having been filed in the office of the Clerk of the United States District Court on July 28, 1948. In 1954 the present condemnee acquired the tracts. A search by his attorney at the Registry of Property failed to turn up any record of the easement in favor of the government, and it is conceded that it was never recorded in the Registry as required by the law of Puerto Rico, in order to give notice to third parties.

After purchasing the tracts, the present condemnee proceeded to erect the structure for which the government contends its does not have to pay any just compensation. The testimony shows that although construction went on in plain sight of the officers at the Air Base, no warning was then, or ever, given to condemnee by any officer of the government.

There is no doubt that under Sec. 1872, Title 31, L.P.R.A. a nonapparent servitude or easement must be recorded in the Registry of Property to prejudice third persons without notice.[1]

However, a condemnation proceeding, which is a proceeding in rem, gives title to the United States good against the world. "[S]uch an exercise of eminent domain founds a new title and extinguishes all previous rights." A. W. Duckett & Co., Inc., v. United States, 266 U.S. 149, 45 S.Ct. 38, 69 L.Ed. 216. In the original condemnation proceeding, the United States, upon entry of the judgment and payment of the just compensation awarded, acquired good title to the servitude it now relies upon. No law of the Commonwealth could divest it of this title,

nor could such a law require the United States to register the judgment in order to be valid against third parties. Only Congress can impose such a condition, and so far it has not done so. See Norman Lumber Co. v. United States, 223 F.2d 868, at page 872, where it was said:

"Whether docketing and cross indexing of federal judgments of condemnation with state court records should be required as a condition of validity as against subsequent purchasers from the condemnee is a matter for Congress, and, so far, Congress has not seen fit to take action with regard to the matter. As was well said by the learned judge below (127 F.Supp. [518] 521): 'It is true that it imposes a severe hardship on attorneys undertaking to examine titles, to have to inquire at the office of the Clerk of the United States District Court before he can be sure that there is no condemnation judgment entered there which is not recorded and cross indexed in the county where the land lies, but this inconvenience cannot outweigh the public interest in safeguarding and protecting the property of the United States in accordance with the laws of the United States. The United States cannot always have watchers present to observe trespassers who may go upon public lands and commit waste, while the private owner does have an opportunity to keep an eye on his property. The enormous amount of land owned by the United States for various Governmental purposes is such that its disposition cannot be effected in any manner except under a clear mandate of the law duly enacted by Congress.' ". Certiorari denied 350 U.S. 902, 76 S.Ct. 181, 100 L.Ed. 792.

---

1. "§ 1872. Unrecorded titles not prejudicial to third persons

"The titles of ownership or of other real rights relating to immovables which are not properly inscribed or annotated in the registry of property, shall not be prejudicial to third persons. Civil Code, 1930, § 546."

The motion for compensation for the taking of the concrete tavern located on tracts 660–1 and 660–2 is therefore hereby

Denied.