345 P.2d 202

STATE of Arizona ex rel. Robert MORRISON, Attorney General, Appellant,

v.

Jack T. HELM, Norbert J. Abel, Karl F. Abel and L. C. Wilkerson, co-partners, doing business as Transportation Services, Inc., Appellees.

No. 6692.

Supreme Court of Arizona.

Oct. 21. 1959.

Rehearing Denied Nov. 24, 1959.

Wade Church, Atty. Gen., and Charles L. Hardy, Asst. Atty. Gen., for appellant.

Jennings, Strouss, Salmon & Trask and William T. Birmingham, for appellees.

STANFORD, Superior Court Judge.

This is a condemnation proceeding instituted by the State for the purpose of acquiring a portion of the property of the defendants needed in the process of widening and reconstructing the existing Phoenix-Cordes Junction Highway.

On November 4, 1957, the trial court awarded defendants Elton C. McJunkin and Marjorie P. McJunkin, the owners of the fee, a judgment against the State for the sum of $33,000 as damages for the taking of their interest in the real property. There was no appeal from the judgment and appellant is now the fee owner of the property sought to be condemned.

On February 7, 1958, judgment was entered fixing the damages which would result from the taking of the leasehold interest of appellees Jack T. Helm, Norbert J. Abel, Karl F. Abel, and L. C. Wilkerson, co-partners doing business as Transportation Services, Inc., in the sum of $240,000. Appellant perfected its appeal from this judgment entered in favor of appellees and, while this appeal was pending, appellant moved to dismiss the complaint and vacate the judgment.

It is appellees' position that the State cannot now abandon its condemnation proceedings; that upon the trial court's findings and written judgment thereon, title vested in the State and appellees' right to compensation has become vested.

■ While the right to abandon condemnation proceedings may be relinquished by agreement or lost by estoppel, the general rule is that in the absence of a statute ance may be had, an eminent domain profixing the time within which a discontinuceeding may be discontinued at any time before the rights of the parties have become reciprocally vested. Annotation: 121 A.L.R. 12, 16, and cases cited therein; 30 C.J.S. Eminent Domain § 335(b).

In the case of South Carolina State Highway Department v. Bobotes, 180 S.C. 183, 185 S.E. 165, 121 A.L.R. 1, 2, it was held that:

"* * * in the absence of statutory abridgment, the right of the condemnor to discontinue the proceedings and reject the property sought to be acquired cannot be denied as a general rule. This right, however, is not an absolute one. There is a well-defined point of time or stage of the proceedings after which the right to abandon is lost. The vesting of the owner's right to compensation is considered the pivotal fact which determines the in-

cidence of that stage of the proceedings, and such vesting of the right to compensation is concurrent with the taking of the property becoming complete. * * *

" * * * In those states having constitutional requirements that private property shall not be taken for public purposes without just compensation first being made therefor, it is almost uniformly held, in the absence of actual entry, that the taking does not become complete until the condemnor pays or tenders the amount of the final award to the property owner * * *.

"By virtue of such fixation of time at which the taking is rendered complete, the courts generally hold that 'the condemnation proceedings, the award or verdict and judgment therein merely serve the office of fixing and determining the value of the property sought, that the condemning party has the election of accepting the award and acquiring the property or rejecting the award and abandoning the proceedings'; * * * Such recognized right of election seems to be based upon considerations of public policy, which requires that the cost of a proposed project be first ascertained before it is finally determined to launch the enterprise."

In the case of Manion v. Louisville, St. L. & T. Ry. Co., 90 Ky. 491, 14 S.W. 532, 533, the court held that

"The weight of authority undoubtedly is that, in the absence of statutory provision, the effect of provisions for condemnation is simply to fix the price at which the party condemning can take the property, and that even after condemnation or judgment the purpose of taking the property may be abandoned without incurring any liability to pay the damages awarded. Lewis, Em. Dom. § 656. Such is the correct rule on the subject, and to adjudge otherwise would require the applicant, whether a private corporation or a state or municipality, to submit to the imposition of exorbitant values upon property condemned for public use, and to often take possession or purchase that which would be detrimental instead of beneficial to the public interests."

In the case of Danforth v. United States, 308 U.S. 271, 284, 60 S.Ct. 231, 236, 84 L.Ed. 240, the United States Supreme Court states:

"Unless a taking has occurred previously in actuality or by a statutory provision, which fixes the time of taking by an event such as the filing of an action, we are of the view that the taking in a condemnation suit under this statute takes place upon the payment

of the money award by the condemnor. * * * Until taking, the condemnor may discontinue or abandon his effort. The determination of the award is an offer subject to acceptance by the condemnor and thus gives to the user of the sovereign power of eminent domain an opportunity to determine whether the valuations leave the cost of completion within his resources. Condemnation is a means by which the sovereign may find out what any piece of property will cost. 'The owner is protected by the rule that title does not pass until compensation has been ascertained and paid * * *.' "

There are other cases which hold that the condemnor may abandon the proceedings at any time before the rights of the parties are reciprocally vested: Oklahoma Turnpike Authority v. Dye, 208 Okl. 396, 256 P.2d 438; State ex rel. Struntz v. Spokane County, 85 Wash. 187, 147 P. 879; State v. Calkins, Wash., 342 P.2d 620; Selle v. City of Fayetteville, 207 Ark. 966, 184 S.W.2d 58; State v. Flamme, 217 Ind. 149, 26 N.E.2d 917; Department of Public Works and Buildings v. O'Brien, 402 Ill. 89, 83 N.E.2d 280; De Penning v. Iowa Power & Light Co., 239 Iowa 950, 33 N.W.2d 503, 5 A.L.R.2d 716.

The Arizona statutes which govern these proceedings, A.R.S. sections 12–1111 to 12–1128, are derived from California's Code of Civil Procedure, sections 1238 to 1255.

An additional provision (section 1255a) has been enacted in California which provides that the

"plaintiff may abandon the proceedings at any time after the filing of the complaint and before the expiration of thirty days after final judgment * *."

In People v. Superior Court of Los Angeles County, 47 Cal.App.2d 393, 118 P.2d 47, the court held that the only change wrought in the situation by the enactment of section 1255a, supra, was that of limiting the right of abandonment to thirty days after final judgment. The court held that the reasoning of the earlier California case of Pool v. Butler, 141 Cal. 46, 74 P. 444, was still applicable, except for the limitation on the time for abandonment provided for in said section 1255a. In the Pool case, 74 P. at page 445, the court said:

"* * * But a plaintiff seeking to condemn land for a public use does not, by bringing the action to condemn, bind himself to take the land and pay the compensation fixed by the court or jury, since it may be so great as to make the proposed use impossible, or the delay in obtaining the right to use the land for the purpose intended may permit another to acquire a competitive use of other lands for the same purpose, and thus make his use undesirable, even if the compensation were reasonable. Hence a plaintiff in such action is conceded to have a right to

abandon the proceeding and decline to take the land; the question then being, at what stage of the condemnation proceedings may he abandon the enterprise or decline to take the property? Pending the motion for a new trial, and later, pending the appeal, it is clear that plaintiffs were not bound to pay or deposit the damages assessed upon the trial; * * *.

"* * * The vesting of the title to the deposit in the defendants is coincident with the vesting of the right to the land for the purposes for which it was sought, but pending the appeal the plaintiffs could assert no right to the land, or its use, under the judgment which had been stayed and suspended by the appeal, during which time the court was powerless to enforce it; nor could the defendants say, 'The right to the money is vested in us, but you shall not have the land.' The title to the land does not vest in the plaintiff until 'the final order of condemnation' is made by the court, and a copy of the order filed in the office of the county recorder, 'and thereupon the property described therein shall vest in the plaintiff for the purposes therein specified.' Code Civ.Proc. § 1253."

This decision of the District Court of Appeals was upheld by the Supreme Court of California in 120 P.2d 655 without opinion.

The appellees cite a line of cases supporting the theory that the condemnees' right to compensation became vested on the date the proceedings were instituted. See Blue Earth County v. Williams, 196 Minn. 501, 265 N.W. 329; Kahlen v. State, 223 N.Y. 383, 119 N.E. 883; United States v. Sunset Cemetery Co., 7 Cir., 1942, 132 F.2d 163. In Blue Earth County v. Williams, supra, the court held that the court order confirming the award of the commissioners amounted to and in effect was a judgment; and in support thereof cited the case of State ex rel. McFarland v. Erskine, 165 Minn. 303, 308, 206 N.W. 447, 449. In the Erskine case, supra, the court said, "It may be that the county board has the right to drop proceedings before the making of the order establishing the road, but, however that may be, when once the order is made, it is too late to do so."

In Kahlen v. State, supra, the statutes provided that if the canal board approved of the maps and surveys of the land certified by the state engineer as being necessary, said maps, surveys and certificates be field with the state engineer and copies filed in the office of the superintendent of public works. The statutes further provided that upon the service by the superintendent of a notice of the filing to the owner, the entry upon and the appropriation by the State of the property shall be complete. The court held that title having thus passed

to the State, the owners could not be deprived of their compensation.

In United States v. Sunset Cemetery Co., supra, the Government filed a declaration of taking contemporaneously with the filing of the petition. Later the Government moved to amend its declaration of taking so as to exclude the defendants' property. The court held that under the provisions of the statutes, condemnation is effected and title completely vested in the Government by the mere filing of the declaration of taking. In each of the above cases, an act was found which constituted a completed taking; nothing further was needed to vest title in the condemnor. In each of said cases there had been a completed taking and therefore the owners' right to compensation was vested.

In support of their theory that condemnation proceedings cannot be abandoned after an award or verdict, appellees cite the following cases: State ex rel. McFarland v. Erskine, supra; Blue Earth County v. Williams, supra; Piz v. Housing Authority, 132 Colo. 457, 289 P.2d 905; Morton Butler Timber Co. v. United States, 6 Cir., 91 F.2d 884; Stewart v. Maryland Pipe Line Co., 132 Kan. 725, 297 P. 708; York Shore Water Co. v. Card, 116 Me. 483, 102 A. 321. However, in the Morton and Stewart cases, the courts' rulings were the result of statutory provisions. In the Piz case the holding was based on estoppel, the owner having changed his position in reliance on the acts and representations of the Housing Authority and in good faith built a new bakery. In the cases of Blue Earth County, State ex rel. McFarland, and York Shore Water Co., supra, there was a completed vesting of title in the condemnor; nothing further was required to be done and the right of the owner to compensation became vested.

In the case at issue the situation is different. Something more than the judgment awarding damages to the owner is required. A.R.S. section 12–1126 provides as follows:

"A. When the final judgment has been satisfied, the court shall make a final order of condemnation, describing the property condemned and the purposes of the condemnation.

"B. A copy of the order shall be filed in the office of the county recorder of the county or counties in which the property is located, and thereupon the property described shall vest in plaintiff for the purposes therein specified."

■■ It will be noticed that in addition to the judgment awarding damages to the owner, the above statute requires that a final order of condemnation be made and a copy thereof filed with the county recorder. Upon the filing with the county recorder, and not until then, the property vests in the State. Since there has been no compliance with the provisions of the above statute in respect to the judgment award-

ing damages to the appellees, there was no vesting of appellees' leasehold interest in the State.

Appellees cite the case of United States v. Sunset Cemetery Co., supra, as authority for the proposition that the judgment of November 4, 1957, awarding damages to the McJunkins, on which there was a final order of condemnation and copy thereof filed with the county recorder in compliance with A.R.S. section 12–1126, not only vested in the State the interest of the McJunkins but also the leasehold interest of the appellees. However, in the Sunset Cemetery Co. case, by reason of the federal statutes, condemnation is effected and title completely vested in the Government by the mere filing of a declaration of taking the property in "fee simple absolute." The court held that when the Government took fee simple title, it took all the lesser estates. But the judgment of November 4, 1957, awarded damages to the McJunkins only for their interest in the property. The title to the leasehold interest of appellees was not affected by the judgment awarding the McJunkins damages, nor by the recording of such judgment. No damages were awarded therein to the appellees. The right of the condemnor to take and hold the land, and the right of the landowner to the money, are correlative and coincident and rest simultaneously in the respective parties. State ex rel. McFarland v. Erskine, supra; Blue Earth County v. Williams, supra. Since the McJunkins' judgment did not award any damages to appellees, the leasehold interest of appellees did not vest in the State.

We therefore hold that appellant may abandon the condemnation proceedings.

■ Appellees urge that if appellant is allowed to abandon the condemnation proceedings, appellees should be awarded judgment for their costs, witness fees and attorneys' fees. A majority of the cases take the view—in the absence of statute imposing liability—that as the State, in commencing a condemnation proceeding, is exercising a legal right, and since every person owns property subject to the exercise of such right, the damage which he suffers by reason of the institution and prosecution of proceedings subsequently abandoned does not give rise to an action on his part, but is damnum absque injuria. This rule, however, is subject to the qualification that the condemning party shall have acted in good faith both in instituting and in abandoning the proceedings, and that the proceedings, when instituted, were diligently prosecuted. Unreasonable delay is held a ground for imposing liability. 121 A.L.R. 85; 30 C.J.S. Eminent Domain § 339.

■■ Appellees have been put to considerable expense in defending these proceedings. Now, after appealing from the trial court's judgment, the appellant chooses

to discontinue same. It is the opinion of this Court that appellant was not diligent in the prosecution of these proceedings, as will manifestly appear by the record on appeal. Therefore, it is ordered that the complaint be dismissed and the judgment awarding damages to appellees be vacated.

It is further ordered that the case be remanded with instructions to the trial court to take evidence and award judgment to appellees for the recovery of their costs, witness fees, and a reasonable attorneys' fee.

PHELPS, C. J., and STRUCKMEYER and UDALL, JJ., concur.

BERNSTEIN, J., disqualified, having heard this cause in the lower court, and the Honorable R. C. STANFORD, Jr., Judge of Superior Court, Maricopa County, was called to sit in his stead.

JOHNSON, Justice (dissenting).

I regret that I cannot concur in the disposition of this case by the majority of the Court. The sole issue presented to this Court by the application to abandon the proceedings with respect to appellee-lessees, is whether, when the condemning authority acquires a title in fee simple to property by right of eminent domain, lesser interests in the property, such as a leasehold, are thereby included in the taking. If the answer lies in the affirmative, the decision in this case must be regarded as wholly erroneous.

A lessee of property is an "owner" in the constitutional sense for the taking of whose interest, in whole or in part, just compensation is due. Lookholder v. Ziegler, 354 Mich. 28, 91 N.W.2d 834; McGhee v. Floyd County, 95 Ga.App. 221, 97 S.E.2d 529; Illinois Power Co. v. Miller, 11 Ill.App.2d 296, 137 N.E.2d 78; Eisenring v. Kansas Turnpike Authority, 183 Kan. 774, 332 P.2d 539; Veirs v. State Roads Commission, 217 Md. 545, 143 A.2d 613; Pewee Coal Co. v. United States, Ct.Cl.1958, 161 F.Supp. 952; United States v. General Motors Corp., 323 U.S. 373, 65 S.Ct. 357, 89 L.Ed. 311; 2 Nichols, Eminent Domain § 5.23 (3d ed. 1950). And if less than the entire leasehold estate is taken by a taking of the underlying premises, the lessee is entitled to whatever remedies any other owner of land would have, including the right to a consideration of severance damages. Maricopa County Municipal Water Conservation Dist. No. 1 v. Warford, 69 Ariz. 1, 206 P.2d 1168; Veirs v. State Roads Commission, supra; City of Cincinnati v. Smythe, 57 Ohio App. 70, 11 N.E.2d 274; 29 C.J.S. Eminent Domain § 143, p. 990; 4 Nichols, Eminent Domain, § 12.4 (3d ed. 1950).

It is the position of the majority, however, that because the November 4, 1957 judgment did not award damages to the lessees and was "directed solely" to the

interests of the McJunkins, the owners of the premises in fee, the lease itself remained untouched, as it were, in full flower, and that, therefore, the State could abandon with respect to the leasehold without liability, the theory being that no compensable interest of the lessees was taken in the proceedings.

Since it is a conceded fact that the State of Arizona owns the subject property in fee simple, I take it that the question whether the leasehold has additionally been taken can only be resolved upon a consideration of the nature of a fee-taking in eminent domain. While the precise point has never been judicially ruled upon in this State, the widely prevailing doctrine is that an eminent domain proceeding is an action in rem against the land described. Village of LaGrange v. Smith, 104 Ohio App. 19, 146 N.E.2d 462; Wilson v. Frederick R. Ross Inv. Co., 116 Colo. 249, 180 P.2d 226, 170 A.L.R. 1410; Bayle-Lacoste & Co. v. Superior Court of Alameda County, 46 Cal. App.2d 636, 116 P.2d 458; Marist Society of Georgia v. City of Atlanta, 212 Ga. 115, 90 S.E.2d 564; Reeves v. City of Dallas, Tex.Civ.App., 195 S.W.2d 575; State ex rel. Long v. Superior Court for Lewis County, 80 Wash. 417, 141 P. 906; Matter of Union El. R. Co. of Brooklyn, 112 N.Y. 61, 19 N.E. 664, 2 L.R.A. 359; Millhouse v. Drainage Dist. No. 48 of Dunklin County, Mo.App., 304 S.W.2d 54; In re Improvement of Third St., St. Paul, 177 Minn. 146, 225 N.W. 86; Beekman v. Saratago & S. R. Co., 3 Paige, N.P., 45, 22 Am.Dec. 679; Palo v. Rogers, 116 Conn. 601, 165 A. 803; People v. Adirondack Ry. Co., 160 N.Y. 225, 54 N.E. 689; Fidelity-Philadelphia Trust Co. v. Kraus, 325 Pa. 581, 190 A. 874, 110 A.L.R. 538; Grand River Dam Authority v. Gray, 192 Okl. 547, 138 P.2d 100; State, By and Through State Highway Commission v. Burk, 200 Or. 211, 265 P.2d 783; In re Kansas Turnpike Project, 181 Kan. 840, 317 P.2d 384; United States v. Burnette, D.C.W.D.N.C.1952, 103 F. Supp. 645; State of Minnesota v. United States, 8 Cir., 1942, 125 F.2d 636; United States v. Petty Motor Co., 327 U.S. 372, 66 S.Ct. 596, 90 L.Ed. 729; Swetland v. Curry, 6 Cir., 1951, 188 F.2d 841; United States v. 127.03 Acres of Land, D.C.Puerto Rico 1957, 148 F.Supp. 904; Norman Lumber Co. v. United States, 4 Cir., 1955, 223 F.2d 868; Phillips v. United States, 9 Cir., 1957, 243 F.2d 1; A. W. Duckett & Co. v. United States, 266 U.S. 149, 45 S.Ct. 38, 69 L.Ed. 216; Eagle Lake Improvement Co. v. United States, 5 Cir., 1947, 160 F.2d 182; United States v. 2979.72 Acres of Land, 4 Cir., 1956, 235 F.2d 327; Meadows v. United States, 4 Cir., 1944, 144 F.2d 751; 1 Nichols, Eminent Domain, § 1.142 (3d ed. 1950). "It is true, as the defendants say, that the constitution deals with persons, but the condemnation statutes deal with land. The action may be commenced, as in many tax statutes, against the person or persons

in whose name the record title appears * * *. Such proceedings have been repeatedly held to be in rem, although, of course, the pleadings, as a rule, though not always, carry the names of the owners as defendants." State, By and Through State Highway Commission v. Burk, supra, at 265 P.2d 799. Also, "A condemnation proceeding is an action in rem. It is not the taking of rights of designated persons, but the taking of the property itself." Eagle Lake Improvement Co. v. United States, supra, at 160 F.2d 184. So then, when the state condemns and acquires the fee title to a tract or part of a tract of land, it does not take merely a derivative title, rather it takes a new and independent title, including all interests which aggregate the fee, although they are not specified in detail. State ex rel. Long v. Superior Court for Lewis County, supra; Beekman v. Saratago & S. R. Co., supra; City of Corning v. Stirpe, 262 App.Div. 14, 27 N.Y.S.2d 418; Enfield Toll Bridge Co. v. Hartford & N. H. R. Co., 17 Conn. 454, 44 Am.Dec. 556; Davis v. Board of Education, 166 Md. 118, 170 A. 590; Balch v. County Com'rs of Essex, 103 Mass. 106; City of Detroit v. Judge, 253 Mich. 6, 234 N.W. 445; Independent-Consolidated School Dist. No. 27 of Mower County v. Waldron, 241 Minn. 326, 63 N.W.2d 555; Houston North Shore R. Co. v. Tyrrell, 128 Tex. 248, 98 S.W.2d 786, 108 A.L.R. 1508; Carlstrom v. Lyon Van & Storage Co., 152 Cal.App.2d 625, 313 P.2d 645; Millhouse v. Drainage Dist. No. 48 of Dunklin County, supra; Knocklong Corp. v. Seaman, 6 Misc.2d 895, 162 N.Y. S.2d 71; Biddle v. Hussman, 23 Mo 597; Stubbings v. Village of Evanston, 136 Ill. 37, 26 N.E. 577, 11 L.R.A. 839; Corrigan v. City of Chicago, 144 Ill. 537, 33 N.E. 746, 21 L.R.A. 212; State, By and Through State Highway Commission v. Burk, supra; Reeves v. City of Dallas, supra; United States v. 2979.72 Acres of Land, supra; Meadows v. United States, supra; A. W. Duckett & Co. v. United States, supra; United States v. Certain Parcels of Land in City of Baltimore, D.C.Md.1944, 55 F. Supp. 257; United States v. Belle View Apartments, 4 Cir., 1954, 217 F.2d 636; Brennan v. United States, 1957, 153 F. Supp. 377, 139 Ct.Cl. 433; Phillips v. United States, supra; Richland Irrigation Dist. v. United States, 9 Cir., 1955, 222 F. 2d 112; United States v. 19.86 Acres of Land, 7 Cir., 1944, 141 F.2d 344, 151 A.L.R. 1423. "No leasehold can survive the appropriation of the land itself, and, where the city takes annexations to leased real property, it takes them, not because they are owned by either landlord or tenant or are appurtenant to some interest in the property, but because they are part of the real property. The public right is exercised upon the land itself, without regard to subdivisions of interest by which the subject is affected through the various contracts of individual owners." In re Allen Street

and First Avenue, 256 N.Y. 236, 176 N.E. 377, 379; Edmands v. City of Boston, 108 Mass. 535. And, finally, "That a title in fee to land is a title to everything seems an elementary statement, without the necessity for extensive citation of authority." Brooks v. Shepard, D.C.S.D.Ala.1957, 157 F.Supp. 379, 382.

Since the power of eminent domain acts upon the land itself and not upon the title, nor upon the sum of titles if there are diversified interests, upon appropriation of the fee all owners of compensable interests in the fee become vested with a right to compensation for the taking of their respective interests. There is left in the individual owner no title to the premises affected, and he is relegated to a claim in personam based upon his right to compensation. The determination of this claim for compensation is dependent upon the interest of the party in the title at the moment title vested in the condemning party. 1 Nichols, Eminent Domain, § 1.142 (3d ed. 1950). Therefore, whenever a parcel of land which is subject to a lease is taken in whole or in part for public use, the lessee is entitled to compensation for the taking of or injury to his interest in the property. County of Maricopa v. Shell Oil Co., 84 Ariz. 325, 327 P. 2d 1005; Thompson v. City of Mobile, 240 Ala. 523, 199 So. 862; People v. Ganahl Lumber Co., 10 Cal.2d 501, 75 P.2d 1067; Leonard v. Autocar Sales & Service Co., 325 Ill.App. 375, 60 N.E.2d 457, affirmed 392 Ill. 182, 64 N.E.2d 477, 163 A.L.R. 670; Fort Worth & D. S. P. Ry. Co. v. Judd, Tex.Civ.App., 4 S.W.2d 1032; Brazos River Conservation and Reclamation Dist. v. Adkisson, Tex.Civ.App., 173 S.W.2d 294; Mason v. City of Nashville, 155 Tenn. 256, 291 S.W. 1074; In re Kansas Turnpike Project, supra; Tinnerholm v. State, 15 Misc.2d 311, 179 N.Y.S.2d 582; State ex rel. Morrison v. Carlson, 83 Ariz. 363, 321 P.2d 1025; United States v. General Motors Corp., supra; A. W. Duckett & Co. v. United States, supra.

Thus, it is merely an exercise in fundamentals in reaching the conclusion that when the State acquired the fee in this case, it acquired the leasehold. And when the leasehold was taken, the lessees received in exchange a vested right to compensation. A.R.S. Constitution, art. II, Section 17, and cases cited. The discussion in the majority opinion, therefore, on the right of a condemner to abandon condemnation proceedings, while a sound statement of the law, has no application to the facts in this case; for the majority admits that once rights have reciprocally vested, there is no right to abandon whatsoever, the right to vest title in the condemner and the right to abandon after such vesting being mutually exclusive rights. 6 Nichols, Eminent Domain, § 26.42(2) (3d ed. 1950).

Furthermore, the fact that the State has decided to abandon its proposed use of the taken property is immaterial as to the initial

right of the lessees to compensation for the taking of their interests in the property. It is a universal principle in eminent domain that damages to be recovered in condemnation proceedings are controlled by the actual legal rights acquired by the condemner and not by the use it may make of the rights in the future. Carolina Central Gas Co. v. Hyder, 241 N.C. 639, 86 S.E.2d 458; Perkins v. State, Tex.Civ.App., 150 S.W.2d 157; Shell Pipe Line Corp. v. Woolfolk, 331 Mo. 410, 53 S.W.2d 917; Coos Bay Logging Co. v. Barclay, 159 Or. 272, 79 P.2d 672; Purdy v. Waterloo, C. F. & N. R. Co., 172 Iowa 676, 154 N.W. 881; Union R. Co. v. Raine, 114 Tenn. 569, 86 S.W. 857; Pierce v. Platte Valley Public Power & Irrigation Dist., 143 Neb. 898, 11 N.W.2d 813; Little v. Loup River Public Power Dist., 150 Neb. 864, 36 N.W.2d 261, 7 A. L.R.2d 355; State ex rel. Polson Logging Co. v. Superior Court, 11 Wash.2d 545, 119 P.2d 694; Wiggins v. Alabama Power Co., 214 Ala. 160, 107 So. 85; Baucum v. Arkansas Power & Light Co., 179 Ark. 154, 15 S.W.2d 399; Weeks-Thorne Paper Co. v. City of Syracuse, 139 App.Div. 853, 124 N.Y.S. 317; Guthrie & W. Ry. Co. v. Faulkner, 12 Okl. 532, 73 P. 290; May v. Westmoreland County, 98 Pa.Super. 488; Riddle v. Lodi Telephone Co., 175 Wis. 360, 185 N.W. 182, 19 A.L.R. 380; Wateree Power Co. v. Rion, 113 S.C. 303, 102 S.E. 331; 75 A.L.R. 857. "'* * * damages to be recovered in condemnation proceed-ings must cover all future uses of the condemned property that are or should be within the contemplation of the parties at the time of taking, irrespective of the extent of present needs * * * are controlled not by the extent of present use, but by the right to use that is acquired' * * *Some cases recognize the power of the condemning party to reduce the damages to be paid by limiting, through agreement or stipulation at the time of condemnation, the mode of use or extent of right that is to be acquired. In the present case there has been no agreement or stipulation as to such limitation."* (Emphasis supplied.) Coos Bay Logging Co. v. Barclay, supra, at 79 P. 2d 677.

Since A.R.S. Section 12–1122 requires that separate interests in condemned property be separately valued, the lessees in this case cannot seek apportionment of the $33,000 paid to the McJunkins for the taking of the fee title. Section 12–1122 entitles these lessees to a separate determination of their damages for the taking of their interests. Such a determination was made in the trial court, and deeming it excessive, the State appealed. By its subsequent attempt to abandon, however, the State sought not to decrease the award, but to escape liability for the taking of the leasehold altogether. The decision of this Court supporting the petition of the State in this matter is totally without foundation in law or fact. The State's motion to dismiss should be denied,

288

and its original appeal considered on the merits.

Lastly, I find it difficult to understand why the matter of the lessees' costs and attorney fees must be referred back to the trial court. I agree with the Court's conclusion that the State failed to prosecute the proceedings with diligence, but disagree entirely with its decision to thrust the burden of determining the State's liability upon the lower court. This is the type of action which precipitates future litigation.