(107 So. 85)

WIGGINS v. ALABAMA POWER CO.
(6 Div. 559.)

(Supreme Court of Alabama. Jan. 14, 1926.)

1. Eminent domain ⬤50—Right of hydroelectric company to remove danger trees from adjacent lands is servitude on such lands.

Right of hydroelectric company, under Code 1923, § 7199, to remove danger trees from adjacent lands, as incident to enjoyment of right of way and appurtenant thereto, is a servitude upon the adjacent lands, which must be acquired and paid for as part of right of way condemned under section 7196; right being analogous to those conferred under sections 7018, 7019, and 7029.

2. Eminent domain ⬤191(6)—Condemnation petition, as respects timber along right of way, need not identify each tree.

Petition by hydroelectric company for condemnation, as respects danger trees adjacent to its right of way, under Code 1923, § 7199, is sufficient, if defining right in language of statute, and need not identify each tree proposed to be cut, nor number thereof, nor width of zone within which trees may be cut.

3. Eminent domain ⬤138—Right of hydroelectric company to remove dangerous trees along right of way being continuing servitude, measure of damages includes injury by future removal of trees.

The right of a hydroelectric company under Code 1923, § 7199, to remove trees along its right of way endangering any of its works is a continuing servitude upon adjacent lands, and applies, not only to trees standing at time of condemnation, but to such as may grow in the future, and measure of damages is the injury to value of adjacent lands by reason of this continuing easement, as well as the cutting of the trees presently standing.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Condemnation proceeding by the Alabama Power Company against Muriel Painter and others. From the judgment, Charles R. Wiggins, as guardian ad litem for the named defendant (a minor), appeals. Affirmed.

The proceeding originated in the probate court of Walker county, by the application of the Alabama Power Company to condemn a right of way over the lands of Muriel Painter, a minor, and others. The probate court duly appointed Charles R. Wiggins as guardian ad litem to represent the interest of said minor, and said guardian ad litem thereupon filed objections to the granting of the application for condemnation. The cause proceeded in the probate court to an order of condemnation, from which the guardian ad litem, representing said minor defendant, appealed to the circuit court. In the circuit court the guardian ad litem demurred to the application and filed objections to the granting thereof. The trial court overruled the demurrer and objections, and rendered judgment of condemnation as prayed by the plaintiff. From this judgment the guardian ad litem appeals, assigning as error the rulings upon demurrer and objections.

The pertinent part of the application is as follows:

"Article 3. That the uses and purposes for which the said lands, rights and interests hereinafter described are to be condemned and taken are for ways and rights of way on which to construct or erect tower, pole, and wire lines, for the transmission, distribution, supply, and sale to the public of electric power and for selling and supplying such power, heat, light, and electricity in the manner required by section 7202 of the Code of Alabama of 1923; and it therefore seeks to acquire ways and rights

of way 100 feet in width on, across, and over the lands hereinafter described and the right to construct and erect on, across, and over said lands such tower, pole, and wire lines, and all appliances necessary or useful in connection therewith for such purposes, together with all the rights conferred by law and all that are necessary or useful to the enjoyment of said ways and rights of way for such uses and purposes, including the right and authority to clear and remove from said ways and rights of way sought to be condemned all timber and other growth thereon, and the right and authority to remove outside of said ways and rights of way such timber as may injure or endanger said tower, pole, and wire lines and other appliances by shading, falling, or otherwise."

These grounds of demurrer and objection were interposed to the application:

"(1) The application seeks to condemn a right of way over the lands described therein, and also seeks to condemn such timber outside of such right of way as may, by shading, falling, or otherwise, injure or endanger the tower, pole, ahd wire lines to be erected thereon, but fails to locate or identify the timber sought to be condemned.

"(2) The application seeks to condemn all timber outside of said right of way that may, by shading, falling, or otherwise, endanger or injure the applicant's lines on said right of way, but fails to specify the timber sought to be condemned or to identify it in such a way as to enable a proper assessment of damages for its condemnation to be made.

"(3) The application seeks to condemn a right of way 100 feet in width, and all timber outside of said right of way that may, by shading, falling, or otherwise, endanger or injure the applicant's lines to be erected on said right of way, but fails to show on what part or parts of such right of way tower, pole, and wire lines will be erected and fails to show what timber might by shading, falling, or otherwise injure or endanger its said lines.

"(4) The application seeks to condemn such timber as might, by shading, falling, or otherwise, injure the lines to be constructed on applicant's right of way, without such right of way having been previously condemned."

Chas. R. Wiggins, of Jasper, for appellant.

The demurrer, taking the point that the right of way strip and timber on adjacent lands may not be condemned in the same. application, and that the timber sought to be condemned outside the right of way must be described, should have been sustained. Code 1923, §§ 7196, 7199.

A. F. Fite, of Jasper, and Martin, Thompson, Foster & Turner and C. J. Durr. all of Birmingham, for appellee.

The statute does not require a separate proceeding for the condemnation of danger timber. Code 1923, §§ 7018, 7019, 7020, 7196; Acts 1903, p. 365, § 8; Worthen v. State, 189 Ala. 395, 66 So. 686. The description in an application to condemn is sufficient, if it enables a skillful person to locate the property. London v. Sample Lbr. Co., 91 Ala. 606, 8 So. 281; N., C. & St. L. v. Hobbs, 120 Ala. 600, 24 So. 933; Lewis, Eminent Domain (3d Ed.) § 549.

BOULDIN, J. [1] The right of a hydro-electric company to acquire by condemnation a right of way 100 feet in width upon which to erect tower, pole, or wire lines (Code, § 7196), and the right "to remove outside of said rights of way such timber as may injure or endanger by shading, falling, or otherwise, any of its works" (Code, § 7199), relate to one right of way carrying the rights and privileges defined in the two sections. Two separate condemnation proceedings are not required.

A similar right to condemn and remove trees outside the right of way of 100 feet is conferred upon railroads (section 7018), upon mining and manufacturing companies (section 7019), and under the general statute relating to public utilities (section 7029). In each of these statutes the right to remove danger trees from adjacent lands is included in the same section defining the right of way to be acquired by condemnation.

The final clause of section 7199, viz. "for that purpose may acquire such timber by condemnation," does not imply a separate proceeding after the right of way proper has been acquired, but is to make clear that this right to remove danger trees from adjacent lands, as incident to the enjoyment of the right of way and appurtenant thereto, is a servitude upon the adjacent lands, which must be acquired and paid for as part of the right of way condemned.

[2] In the petition for condemnation and further proceedings, it is sufficient to define the right to remove danger trees in the language of the statute. It is not needful to identify each standing tree proposed to be cut, nor the number thereof; neither is it necessary to further define the width of the zone within which the trees may be cut. The location of the right of way and the limitation to trees which endanger the lines and works located thereon identifies such trees with sufficient certainty.

[3] The right in question is a continuing servitude upon the adjacent lands; applies not only to trees standing at the time of condemnation, but to such as grow in the future. The measure of damages is the injury to the value of. adjacent lands by reason of this continuing easement, as well as by the cutting of trees presently standing.

The commissioners, upon a view of the premises and legal evidence offered, may assess the compensation to be allowed for this as in other cases of injury to the adjacent lands to be included in the general award of compensation for the property taken for public use under the law of eminent domain.

The rulings of the trial court were in accord with these views.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.