ALMON, Justice.
This appeal is from a final judgment in an action originally filed in trespass and subsequently amended to add a count for declaratory judgment.
Prior to the filing of the cause now before this court, and also prior to the injury complained of, the appellee, Alabama Power Company, filed an application for con *1103 demnation in the Probate Court of Houston County naming appellants, Garland Thompson and Z. G. Thompson, as defendants. The application sought to condemn certain ways and rights of way for appellee’s towers, poles, wire lines, and other appliances. The application also sought “to acquire such timber outside of said ways and rights-of-way as may injure or endanger such towers, poles and wire lines and other appliances by falling or otherwise and the right and authority to clear and remove said timber.” (This is commonly referred to as the right to “danger trees” or “fall line trees.”)
The probate court granted appellee the danger tree rights sought. The danger tree rights were also granted by the circuit court upon appeal.
Subsequently, in the separate action which is the subject of this appeal, the parties stipulated that the trespass claim was for damages which occurred subsequent to the final order of condemnation in both the probate court and circuit court. The appellants struck their jury demand and added to their complaint a count seeking a declaration that the condemnation statutes allowing appellee to condemn in one proceeding the right to cut danger trees in the future are unconstitutional and declaring that the appellants are entitled to further compensation when danger trees are cut adjacent to the condemned right of way in the future. All of the issues were submitted to the trial court for final decree on the stipulated facts.
This appeal is from the trial court’s final judgment, which held that:
1. Both the trespass and declaratory judgment claims were barred by the prior condemnation proceeding.
2. The condemnation statutes in question allow acquisition of the right to cut danger trees in the future without additional payment at the time of cutting.
3. The condemnation statutes are constitutional, the matter of compensation for danger tree rights being a subject of compensation in the condemnation proceeding in which such rights are acquired.
Appellant contends that the condemnation procedures followed in this cause, Tit. 10, § 184 and Tit. 48, § 336(1), Code of Alabama, 1940, Recompiled 1958, are unconstitutional because they do not provide for additional compensation for the future cutting of timber on appellant’s property. We disagree with the appellant’s assessment.
In Wiggins v. Alabama Power Co., 214 Ala. 160, 107 So. 85 (1926), this court held the right to cut danger trees in the future could be condemned at the same time the right of way itself was acquired by condemnation. In the words of the court:
“. . . this right to remove danger trees from adjacent lands, as incident to the enjoyment of the right of way and appurtenant thereto, is a servitude upon the adjacent lands, which must be acquired and paid for as part of the right of way condemned.

“The right in question is a continuing servitude upon the adjacent lands; applies not only to trees standing at the time of condemnation, but to such as grow in the future. The measure of damages is the injury to the value of adjacent lands by reason of this continuing easement, as well as by the cutting of trees presently standing.” (Emphasis added.) 214 Ala. at 161, 107 So. at 86.
We conclude that the measure of damages includes consideration of the value of any future trees cut.
The judgment in this cause is due to be and is hereby affirmed.
AFFIRMED.
HEFLIN, C. J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.