State of Wisconsin, DEPARTMENT OF TRANSPORTATION, Division of Transportation Facilities, Plaintiff-Appellant,

v.

BLACK ANGUS STEAK HOUSE, INC., a Wisconsin corporation, d/b/a Blue Crest Chalet, Defendant-Respondent,†

Lavon PETERS, an individual, Defendant.

Court of Appeals

*No. 82–358. Submitted on briefs September 13, 1982.—
Decided January 25, 1983.*
(Also reported in 330 N.W.2d 240.)

---

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Steven C. Underwood,* assistant attorney general.

For the respondent the cause was submitted on the brief of *John H. Ames* and *Ames & Houlihan, Ltd.,* of Minocqua.

Before Foley, P.J., Dean and Cane, JJ.

DEAN, J.  The Department of Transportation (DOT) appeals from a summary judgment dismissing its complaint for the removal of a highway encroachment pursuant to sec. 86.04, Stats. The trial court dismissed the complaint on the grounds of adverse possession and estoppel. The DOT contends that adverse possession cannot be used as a defense and that summary judgment was improper because there is a disputed factual issue. Because adverse possession is a defense to an encroachment action brought pursuant to sec. 86.04 and because there is no disputed factual issue, we affirm.

Black Angus Steak House, Inc., owns and operates a supper club abutting Highway 70's right of way. A portion of the building encroaches on Highway 70. Black Angus and its predecessors have owned the property continuously since 1925. On May 21, 1980, the DOT ordered Black Angus to remove the encroachment. Black Angus denied any encroachment. The DOT subsequently brought an action against Black Angus pursuant to sec. 86.04(3). Both the DOT and Black Angus moved for summary judgment.

The trial court concluded that adverse possession under sec. 893.29, Stats., could be used as a defense to a sec. 86.04[1] action. The interpretation of a statute is a question of law, and we review the question without deference to the reasoning of the trial court. In construing a statute, first resort is to the language of the statute itself. *Central National Bank of Wausau v. Dustin,* 107 Wis. 2d 614, 617, 321 N.W.2d 321, 322 (Ct. App. 1982). When the statutory language is clear and unambiguous, no rule of judicial construction is permitted, and this court must implement the express intent of the legislature by giving the language its ordinary and accepted meaning. A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in either of two or more senses. *See City of Milwaukee v. Lindner,* 98 Wis. 2d 624, 632, 297 N.W.2d 828, 832 (1980), quoting *National*

---

[1] Wis. Stat. Ann. § 86.04(1) (West Supp. 1982), provides in pertinent part:

Order for removal. If any highway right of way shall be encroached upon, under or over by any . . . building . . . the department of transportation . . . may order the occupant or owner of the land through or by which such highway runs, and to which the encroachment shall be appurtenant, to remove the same beyond the limits of such highway within 30 days. The order shall specify the extent and location of the encroachment with reasonable certainty, and shall be served upon such occupant or owner.

Wis. Stat. Ann. § 86.04(3) (West 1972), provides:

*Amusement Co. v. Department of Revenue,* 41 Wis. 2d 261, 266–67, 163 N.W.2d 625, 628 (1969).

Adverse possession under sec. 893.10, Stats. (1977),[2] is a defense to an encroachment action taken pursuant to sec. 86.04. Section 893.10, Stats. (1977), states in pertinent part:

> No title to real property belonging to the state shall be obtained by adverse possession . . . unless such adverse possession . . . has been continued uninterruptedly for more than 40 years. No title to real property held in trust by the state under s. 24.01(2) to (6) shall be obtained by adverse possession . . . .

State held trust property under secs. 24.01(2) to (6), Stats., consists of school lands, university lands, swamp lands, normal school lands, and agricultural college lands. The statutory language of sec. 893.10, Stats. (1977), is unambiguous on its face. Section 893.10, Stats. (1977), clearly provides that a person has the statutory right of adverse possession against state property if the statutory requirements are met. The statute makes no exception for state highway property.

The DOT contends that summary judgment was improper because the factual issue of exclusive occupancy is in dispute. The DOT asserts that under *Childs v. Nelson,* 69 Wis. 125, 33 N.W. 587 (1887), the state and

Denial of encroachment, procedure. If, within 30 days after service of the order issued under sub. (1) upon him, the owner or occupant delivers a denial in writing of the alleged encroachment to the ordering body, or fails to make a denial, the ordering body may commence an action to remove the encroachment in a court of record in the county where the property is located.

[2] In 1979, the legislature changed the period of adverse possession to 20 years. The period of time required for the purpose of this case, however, is 40 years because the DOT commenced its action prior to the time the 1979 amendment became effective. *See* ch. 323, § 28, 1979 Wis. Laws.

Black Angus jointly occupied the land. The trial court found that the DOT's assertion concerning joint occupancy was not consistent with the stipulated facts.

In reviewing a grant of summary judgment, this court employs the same standard as the trial court applied. *See Anderson v. Green Bay & Western Railroad,* 99 Wis. 2d 514, 516, 299 N.W.2d 615, 617 (Ct. App. 1980). Summary judgment does not function as a substitute for a trial of any genuine issue of material fact, but permits a decision based on affidavits, records, and depositions. The party moving for summary judgment must demonstrate that a trial is not necessary and must establish a record sufficient to demonstrate to the satisfaction of the court that there is no triable issue of material fact on any issues presented. Any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Heck & Paetow Claim Service, Inc. v. Heck,* 93 Wis. 2d 349, 356, 286 N.W.2d 831, 834 (1980).

We conclude that summary judgment was appropriate because no disputed factual issue exists concerning Black Angus' exclusive occupancy of the state property. The undisputed facts clearly show that Black Angus and the previous owners-in-title have exclusively occupied the building for over fifty-five years. The record indicates that the building at issue has been in existence since 1925. The undisputed testimony of a resident of the area since 1915 indicates that the building was originally the boiler room of a sawmill and was converted into a tavern in the late 1920's. A state survey stipulated to by the DOT and Black Angus also indicates that the building encroached upon Highway 70's right-of-way.

*By the Court.*—Judgment affirmed.