LOWELL B. JACKSON, Secretary Department of Transportation
You have requested an opinion relating to controls over the use of lands abutting highways. Your request was occasioned by correspondence I had with District Attorney Duket of Marinette County and particularly my letter to him of December 21, 1984.
I advised the district attorney that if the public body has an easement over land abutting the highway, the abutting owner retains the remaining benefits of ownership except those specifically limited for the public benefit. I further advised that the abutting owner retains the right to harvest plants and to prohibit the operation of snowmobiles.
Your first question is whether the abutting owner may use the land to the exclusion of the state's interest in highway maintenance and the removal of encroachments in the right of way. The answer is no.
The owner's fee title, even when it extends to the center of the travelled highway, is subject to the public's interest in its easement acquired for travel purposes. See Miller v. City ofWauwatosa, 87 Wis.2d 676, 680, 275 N.W.2d 876 (1978); Walker v.Green Lake County, 269 Wis. 103, 111, 69 N.W.2d 252 (1955). The precise rights of the landowner will vary with the circumstances, including the date of the public's acquisition, any rights previously vested and the terms of the conveyances. But generally speaking, the public authorities have extensive powers over the use of the land in a right of way.
For example, section 86.03 (3), Stats., provides that the owner may plant alongside the highway with "the approval of the public authority maintaining the highway." Section 86.03 (2) subordinates the owner's use of trees to the rights of the public, as contained in the acquisition of the right of way, and to the public right to "make or repair the highways" (with certain qualifications for trees reserved *Page 11 
for shade or ornament if not included within the public acquisition). Section 80.01 (3) provides that, as to lands acquired for highway purposes after June 23, 1931, the right to cut or trim vegetation in the highway as laid out is subject to consent of the public authority (absent a contrary reservation of rights), but the public authority is charged with the duty to remove vegetation in order to provide highway safety. Finally, as you note, there is specific authority in section 86.04 for the removal of encroachments on the highway right of way. Also see
sec. 86.022, Stats. (unlawful obstruction of highway with embankments or ditches), and see generally Heise v. Village ofPewaukee, 92 Wis.2d 333, 285 N.W.2d 859 (1979), cert. denied,449 U.S. 992 (1980), and Dept. of Transp. v. Black Angus SteakHouse, Inc., 111 Wis.2d 342, 330 N.W.2d 240 (Ct.App. 1983).
Second, you inquire whether the public can acquire highway rights by use. The answer is yes under certain circumstances. See
sec. 80.07 (1), Stats. (the public may use land for highway purposes without providing compensation if public monies have been spent on the land and if the general public in fact has used the land for at least five years).
You observe that my letter to Mr. Duket stated that the public can acquire no highway rights by use except over the roadway, citing In re Vacating Plat of Chiwaukee, 254 Wis. 273,36 N.W.2d 61 (1948). Chiwaukee erroneously was cited for that proposition. A closer reading of the case shows that the court made its comments only on the basis of the particular record before it.254 Wis. at 276.
Your third question is whether the abutting owner's right to harvest is dependent on the consent of the public authority and, if so, whether the plants and trees have value for which compensation must be paid if the public authority refuses consent or cuts the crops itself. With qualifications to be noted, the answer to the first half of your question is yes and the answer to the second half is no.
I already have described conditions under which the public authority may control the decision whether to plant or cut vegetation. There is "no requirement of compensation if the restrictions may be justified under the exercise of the police power." Howell Plaza, Inc. v. State Highway Comm.,66 Wis.2d 720, 726, 226 N.W.2d 185 (1975). Compensation is required only if property is "taken" by eminent domain. Public Service Corp. v.Marathon County, 75 Wis.2d 442, *Page 12 
449, 249 N.W.2d 543 (1977). The remedy for a police power regulation "that goes so far that it has the same effect as a taking by eminent domain . . . is not `just compensation,' but invalidation of the regulation . . . ." Williamson Co. RegionalPlanning v. Hamilton Bank, 105 S.Ct. 3108, 3122 (1985).
The question becomes whether control of the right to plant and harvest is a taking or a reasonable exercise of the police powers. Case law indicates that the abutting owner may not use his land to interfere with the public's right to protect its easement interest: the owner may enter the easement area for a use that is reasonable and temporary; the use may be forbidden altogether if it interferes with the exercise of the public easement; permission to use the easement area is subject to revocation; and in all events the use is subject to reasonable regulation in the interest of public safety and convenience. 3Nichols on Eminent Domain sec. 10.211 and (2) at 351-58 (1985). A police power enactment that bars a particular use is not itself a taking of property that requires just compensation. Goldblatt v.Town of Hempstead, 369 U.S. 590, 593 (1962). To be distinguished is the duty to pay compensation for the removal of trees outside the right of way. See Wiggins v. Alabama Power Co., 214 Ala. 160,107 So. 85 (1926). I conclude, therefore, that requiring the abutting owner to obtain the public authority's consent to plant or cut vegetation in the right of way is a valid police power enactment and not a taking that requires payment of compensation.
This leads to the correlative question: Must the state compensate the abutting owner for the value of the trees and other harvests in the right of way when the state actually occupies the right of way for the purpose of cutting the crop or constructing a highway? In my opinion, the answer is no.
The rights of the public turn on the manner and terms of the acquisition. Where the public already has acquired an easement for highway purposes over the land of another, absent a special reservation in the conveyances or other unusual circumstances, the public already has paid for the right to build the highway. Additional payment is not required when the right is exercised if payment was made when the right was acquired. 3 Nichols onEminent Domain sec. 9.221 (1) at 9-43 and 44 (1985). This rule applies even when the initial acquisition results in a limitation on the abutting owner's right of use. Id. at sec. 9.221 (1) at 9-46. In other words, whatever would have been a proper public use of the right of way at the time *Page 13 
of its acquisition requires no additional compensation when the right of way is put to such use. See 2A Nichols on Eminent Domain
sec. 6.35 (3) at 6-248 (1985). Where the abutting owner retains an interest in timber or other growth in the way the state has the right to use, the state's right of use enables it to remove the timber without payment of compensation although the abutting owner may have the right to take possession of the timber after it is felled. Thus, the pivotal fact issue in each case is the scope of the public's right at the time it acquired its interest.
Your fourth question is whether a snowmobile may be operated on the highway right of way adjacent to privately owned land. The answer is yes.
Section 350.02 (2)(b) describes the circumstances for operating snowmobiles "adjacent to a roadway." For example, they may be operated along state and county highways at a distance of ten or more feet from the roadway. Sec. 350.02 (2)(b)1., Stats. The "roadway" as defined in section 340.01 (54) invariably is within the right of way. Thus, under section 350.02 (2)(b) all roadways may be used for snowmobiles except where specifically prohibited in the conveyance. Otherwise, the owner's right to prohibit snowmobiles is limited to his own private property unencumbered by the public's easement in travel. See sec. 350.10 (6), Stats.
Your final two questions both relate to the extent of state regulatory authority over lands abutting highways, especially where the state's interest was acquired by easement. Insofar as the question asks for a description of existing statutory and police power authority, I believe the foregoing discussion has addressed these issues. In summary, except in unusual cases such as where the terms of the conveyance provide otherwise, the state may constitutionally act to protect its interests in the right of way for the protection of the travelling public, and valid regulations enacted to carry out this objective will not, in the ordinary situation, result in a taking that compels the payment of compensation.
BCL:DWS:CDH *Page 14